IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION
_____

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. No. 3:18-CR-345 <br> **ECF** |
| ANDREW KASNETZ | |

**CORRECTED NOTICE OF INTENT TO OFFER EVIDENCE
OF OTHER ACTS BY DEFENDANT KASNETZ AS INEXTRICABLY
INTERTWINED, PROPER UNDER RULE 414 AND/OR RULE 404(B) OF THE
FEDERAL RULES OF EVIDENCE, AND BRIEF IN SUPPORT OF ADMISSION**

This Corrected Notice is being filed to notify the court and defense counsel that when reference was made in the original document to a "Seagate external harddrive" or "external harddrive" that undersigned counsel should have stated "Samsung laptop computer."For clarity, that change has been made where those instances occurred below.

The United States of America ("the government") files this notice of intent to introduce evidence of websites linked to child pornography and uncharged child pornography found on Kasnetz computer as inextricably intertwined and, thus, proper under Federal Rules of Evidence 414 and 404(b).

**I.**

1

## INTRODUCTION

### A. Statement of Facts

On February 20, 2018, the FBI executed a search warrant at Kasnetz's residence and found child pornography on Kasntez's HP computer and Samsung laptop computer. Consequently, on July 11, 2018, Kasnetz was indicted for one count of Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2) and one count of Possession of Prepubescent Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).

Kasnetz has entered a "not guilty" plea to these charges and has elected to stand trial and contest his guilt. The government must prove that Kasnetz had knowledge and intent regarding these child pornography charges, and that his conduct was not a result of a mistake or accident.

## II.

## NOTICE

A forensic examination of Kasnetz's HP computer revealed images and videos of child pornography and searches he made for files indicative of child pornography. The examination also revealed that Kasnetz accessed websites linked to child pornography. A number of the child pornography images discovered on the HP computer serve as the basis for the criminal charges in this case. The other images of uncharged child pornography on the HP computer and Samsung laptop computer and the searches for child pornography that he made and websites he visited should be admitted into the government's case in chief as inextricably intertwined without conducting additional

2

analysis. To the degree that the Court finds such evidence not inextricably intertwined, the government is providing notice that it intends to introduce the following evidence under Rules 414 and/or 404(b) of the Federal Rules of Evidence: (1) uncharged child pornography discovered on the HP computer and Samsung laptop computer and (2) internet usage relating to child pornography. The government has provided the defense with discovery materials relating to this conduct.

## III.

## DISCUSSION

### A. The Delineated Evidence is Admissible as Inextricably Intertwined

Evidence of other crimes, wrongs, or acts is admissible where the other crime, wrong, or act is inextricably tied in with the offense charged. *United States v. Hawley*, 516 F.3d 264, 267 (5th Cir. 2008) (holding that "[e]vidence that is 'inextricably intertwined' with the evidence used to prove the crime charged is not 'extrinsic' evidence under Rule 404(b)"); *United States v. Baptiste*, 264 F.3d 578, 590 (5th Cir. 2001) (holding that "[e]vidence of uncharged crimes is not extrinsic [within the proscription of Rule 404(b)] if it is inextricably intertwined with the evidence of charged offenses, or if it is necessary to complete the story of the crime"), *withdrawn in part*, 309 F.3d 274 (5th Cir. 2002); *United States v. Morgan*, 117 F.3d 849, 861 (5th Cir. 1997) (same) (citing cases); *United States v. Carrillo*, 561 F.2d 1125, 1127 (5th Cir. 1977) (affirming the district court's decision to admit evidence of defendants' criminal conduct where that

3

evidence was "inextricably tied to the basic elements" of the crime charged); *United States v. Blewitt*, 538 F.2d 1099, 1100 (5th Cir. 1976) (noting that "evidence of the commission of other crimes closely related in both time and nature to the crime may be admitted to establish . . . the res gestae[,] the common scheme or history of the crime, of which the other crimes constitute a part"). This is sometimes referred to as the *res gestae* exception. *Blewitt*, 538 F.2d at 1101.

The Fifth Circuit has recognized this principle and has noted that "Rule 404(b) only applies to limit the admissibility of evidence of extrinsic acts" and that "[i]ntrinsic evidence…is generally admissible 'so that the jury may evaluate *all* the circumstances under which the defendant acted.'" *United States v. Sumlin*, 489 F.3d 683, 689 (5th Cir. 2007) (emphasis added) (citing *United States v. Manning*, 79 F.3d 212, 218 (1st Cir. 1996) and *United States v. Royal*, 972 F.3d 643, 647 (5th Cir. 1992)). Because "[e]vidence of an uncharged offense arising out of the same transactions as the offenses charged in the indictment is not extrinsic evidence within the meaning of Rule 404(b)," such intrinsic evidence is admissible without a Rule 404(b) analysis. *United States v. Maceo*, 947 F.2d 1191, 1199 (5th Cir. 1991); *accord Sumlin*, 489 F.3d at 689. "Evidence is intrinsic when it is 'inextricably intertwined' with or 'a necessary preliminary to the crime charged,' or when it is 'part of a single criminal episode' with the charged act." *United States v. Martinez-Herrera*, No. 12-50702, 539 Fed. Appx. 598, 601 (5th Cir. Sept. 11, 2013) (citing *Sumlin*, 489 F.3d at 689); *see also Hawley*, 516

4

F.3d at 267; *Baptiste*, 264 F.3d at 590, *withdrawn in part*, 309 F.3d 274 (5th Cir. 2002); *Morgan*, 117 F.3d at 861.

Evidence tending to show "the chain of events explaining the context, motive and set-up of the crime, is properly admitted if . . . [it] forms an integral and natural part of an account of the crime, or is necessary to complete the story of the crime for the jury." *United States v. McLean*, 138 F.3d 1398, 1403 (11th Cir. 1998) (*citing United States v. Williford*, 764 F.2d 1493, 1499 (11th Cir. 1985)). Proof of Kasnetz's prurient sexual interest in children, as evidenced by the uncharged child pornography on his electronic devices and his internet searches form an integral part of the story of this case and should be admitted as inextricably intertwined.

## B. The Delineated Evidence is Properly Admitted Under FRE 414 as Evidence of Child Molestation

Federal Rule of Evidence 414 provides in pertinent part:

> In a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant's committed any other of child molestation. The evidence may be considered on any matter to which it is relevant.

Fed. R. Evid. 414(a). "Child molestation" is defined as including "any conduct prohibited by 18 U.S.C. chapter 110" or "any attempt . . . to engage in [such] conduct." Fed. R. Evid. 414(d)(2)(B) & (F). Here, Kasnetz is charged with two offenses that are contained in Chapter 110. Thus, he is accused of child molestation as defined by Rule 414.

5

The Fifth Circuit has recognized the admissibility of uncharged evidence of child molestation under Rule 414 in child pornography cases. For example, in *United States v. Moore*, the defendant was charged with receipt and possession of child pornography. 425 F. App'x 347, 2011 WL 1834433, at *1 (5th Cir. May 13, 2011). There, the Fifth Circuit affirmed the admission of evidence that the defendant had touched the clothed buttocks of his stepdaughter, finding that such evidence met the definition of "an offense of child molestation" as defined in Rule 414(d)(2). *Id.* at *3. The Court recognized that "[i]n cases involving the molestation of children, Rule 414 permits the admission of evidence of other acts constituting child molestation when this evidence has 'bearing on any matter to which it is relevant.'" *Id.* (citing Fed. R. Evid. 414(a)). Moreover, to be admissible under Rule 414, the evidence of other acts need not be similar in every respect, but instead "only needs to be probative as to some element of the charged offense." *Id.* (citing *United States v. Dillon*, 532 F.3d 379, 389 (5th Cir. 2008)).

Other Circuits have also held that evidence of this nature is properly admissible under Rule 414 and Rule 403 in child exploitation cases. For example, in *United States v. Hawpetoss*, 478 F.3d 820, 824 (7th Cir. 2007), the Seventh Circuit recognized the congressional intent to protect the public from child molesters by enacting these rules, upholding the district court's ruling to admit prior acts of child molestation:

> Congress enacted these new rules to "protect[ ] the public from rapists and child molesters. ... In child molestation cases, for example, a history of similar acts tends to be exceptionally probative because it shows an unusual

6

> disposition of the defendant . . . that simply does not exist in ordinary people."

*Id.* at n.7 (quoting 2 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence § 414 App.01(2)(d), at 18–20 (Joseph M. McLaughlin ed., 2d ed. 2005) (quoting 140 Cong. Rec. S12990 (daily ed. Sept. 20, 1994) (statement of Sen. Dole)).

Rule 404(b) allows evidence to be admitted on the basis of certain non-character theories of relevance. Additionally, Rule 414 allows evidence of uncharged offenses to be admitted for the purpose of establishing propensity. The legislative sponsors explained:

> The new rules will supersede in sex offense cases the restrictive aspects of Federal Rule of Evidence 404(b). In contrast to Rule 404(b)'s general prohibition of evidence of character or propensity, the new rules for sex offense cases authorize admission and consideration of evidence of an uncharged offense for its bearing "on any matter to which it is relevant." This includes the defendant's propensity to commit sexual assault or child molestation offenses, *and assessment of the probability or improbability that the defendant has been falsely or mistakenly accused of such an offense.*

140 Cong. Rec. H8991 (daily ed. Aug. 21, 1994) (statement of Rep. Molinari) (emphasis added); 140 Cong. Rec. S12990 (daily ed. Sept. 20, 1994) (statement of Sen. Dole); *see also* David J. Karp, *Evidence of Propensity and Probability in Sex Offense Cases and Other Cases*, 70 CHI. KENT L. REV. 15, 18–21 (1994); *see also United States v. Cunningham*, 103 F.3d 553, 556 (7th Cir. 1996) (Rule 414 makes evidence of prior acts of child molestation admissible without regard to Rule 404(b)); *United States v. Castillo*, 140 F.3d 874, 879 (10th Cir. 1998) (Rule 414 "allows the prosecution to use evidence of

7

a defendant's prior acts for the purpose of demonstrating to the jury that the defendant had a disposition of character, or propensity, to commit child molestation," replacing the "restrictive Rule 404(b), which prevents parties from proving their cases through 'character' or 'propensity' evidence").

This Court, therefore, can admit the delineated evidence under Rule 414(d)(2)(B), so long as it first conducts a balancing test under Rule 403. *See United States v. Moore*, 425 F. App'x 347, 2011 WL 1834433, at *3 (5th Cir. May 13, 2011); *see also United States v. Guidry*, 456 F.3d 493, 503 (5th Cir. 2006) (noting that "[a] district court must apply the Rule 403 balancing test when considering the admission of evidence under Rule 413," which was enacted alongside Rule 414 and receives similar treatment).

The government has the burden of proving that Kasnetz *knew* that these images were of child pornography, which includes "any visual depiction . . . of sexually explicit conduct" involving a minor. *See* 18 U.S.C. § 2256(8). A number of these images depict the lewd and lascivious exhibition of the minors' genitals and, thus, qualify as child pornography. *See id.* at § 2256(2). The jury, in its determination of "lascivious exhibition," may consider whether the depiction is *intended* to elicit a sexual response in the viewer, including individuals who are sexually attracted to children. *See United States v. Grimes*, 244 F.3d 375, 380 (5th Cir. 2001) (noting that "whether the visual depiction is intended or designed to elicit a sexual response in the viewer" is one of six factors that may be considered in "determining whether a visual depiction of a minor

8

constitutes a 'lascivious exhibition of the genitals,'" but that no single factor is dispositive); *see also United States v. Noel*, 581 F.3d 490, 499 (7th Cir. 2009) (adopting the *Dost* factors); *United States v. Kemmerling*, 285 F.3d 644, 646 (8th Cir. 2002) (holding that "the statute is violated . . . when the image is intended to elicit a sexual response in the viewer"); *United States v. Amirault*, 173 F.3d 28, 31 (1st Cir. 1999) (adopting the *Dost* factors); *United States v. Horn*, 187 F.3d 781 (8th Cir. 1999) (same); *United States v. Knox*, 32 F.3d 733, 745–46 (3rd Cir. 1994) (same); *United States v. Dost*, 636 F. Supp. 828, 832 (S.D. Cal. 1986) (enumerating the six-factor test adopted by many courts of appeals), *aff'd sub nom United States v. Weigand*, 812 F.2d 1239 (9th Cir. 1987);. In the instant case, the delineated evidence squarely addresses whether Kasnetz knew that the charged images were of child pornography, and it is highly relevant and would assist the trier of fact in reaching such a determination.

### C. The Delineated Evidence is Properly Admitted Under FRE 404(b) to Prove Intent, Knowledge, Identity, Absence of Mistake, and Lack of Accident

Rule 404(b) provides:

> (1) Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
> (2) This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Fed. R. Evid. 404(b). "It is unnecessary that the extrinsic evidence fit neatly under one of the exceptions listed in Rule 404(b), as this list is not exhaustive." *United States v.*

9

*Ebron*, 683 F.3d 105, 131 (5th Cir. 2012). Instead, as the Fifth Circuit has explained, "to avoid the strictures of Rule 404(b), all the government need do is suggest a logical hypothesis of the relevance of the evidence for a purpose other than to demonstrate his propensity to act in a particular manner." *United States v. Krout*, 66 F.3d 1420, 1431 (5th Cir. 1995).

The rule has been described liberally, as a rule of inclusion rather than as a rule of exclusion. *See United States v. Shaw*, 701 F.2d 367, 386 (5th Cir. 1983) ("Rule 404 is a rule of inclusion."); *see also United States v. Halper*, 590 F.2d 422, 432 (2d Cir. 1978) (noting that the Second Circuit "adhere[s] to the 'inclusionary' view of the rule regarding other crimes and similar acts evidence"); *United States v. Long*, 574 F.2d 761, 766 (3d Cir. 1978) ("The draftsmen of Rule 404(b) intended it to be construed as one of 'inclusion,' and not 'exclusion.'").

In *United States v. Beechum*, the Fifth Circuit announced a two-step test for the admissibility of other crimes evidence under Rule 404(b), commonly known as the "*Beechum* Test." 582 F.2d 898, 911 (5th Cir. 1978) (en banc). First, the evidence must be "relevant to an issue unrelated to the defendant's character" or propensity to act in a like manner; second, the danger of unfair prejudice to the defendant must not substantially outweigh the probative value of the evidence. *Id*; *see also United States v. Hernandez-Guevara*, 162 F.3d 863, 870 (5th Cir. 1998) (applying the *Beechum* Test); *United States v. Gordon*, 780 F.2d 1165, 1173 (5th Cir. 1986) (same). Further,

10

exclusion of the extrinsic evidence under the second prong of the *Beechum* Test is the exception, not the rule. *United States v. Caldwell*, 586 F.3d 338, 345 (5th Cir. 2009).

"Once it is determined that the extrinsic offense requires the *same intent* as the charged offense and that the jury could find that the defendant committed the extrinsic offense, the evidence satisfies the first step under [R]ule 404(b)." *Beechum*, 582 F.2d at 913 (emphasis added). The court need not make a preliminary finding—under Federal Rule of Evidence 104(a)—"that the Government has proved the [similar] act by a preponderance of the evidence"; instead, it need only decide whether the jury could "reasonably conclude that the act occurred and that the defendant was the actor." *Huddleston v. United States*, 485 U.S. 681, 689 (1988). In addition, there is no requirement that the government prove that the defendant was convicted of the prior or subsequent crime. *United States v. Hunter*, 672 F.2d 815, 817 (10th Cir. 1982) (holding that "evidence of previous criminal activity . . . is not objectionable solely because it is unsupported by a conviction"), *overruled on other grounds by United States v. Serrano*, 406 F.3d 1208 (10th Cir. 2005). In fact, evidence involving prior arrests and charges that were later dismissed is admissible under Rule 404(b). *See, e.g.*, *United States v. Black*, 595 F.2d 1116, 1117 (5th Cir. 1979) (prior arrest); *United States v. Juarez*, 561 F.2d 65, 70 (7th Cir. 1977) (dismissed charges).

Although motive is never an element of the offense itself, evidence of motive is often relevant to show the defendant's state of mind and purpose for committing the

11

crime charged. If motive can be proved by prior or subsequent crimes, wrongs, or acts, Rule 404(b) permits their admission into evidence. Fed. R. Evid. 404(b)(2) (permitting use of evidence of a crime, wrong, or other act to prove motive); *see also United States v. Cook*, 592 F.2d 877, 880 (5th Cir. 1979) (noting that "the trial court may properly permit the introduction of evidence as to other activities by the defendant which are relevant to motive"). The other crimes, wrongs, or acts offered to prove motive may be totally dissimilar to the acts giving rise to the offense charged. *See United States v. Free*, 574 F.2d 1221, 1223 (5th Cir. 1978) (affirming the trial court's admission of evidence that defendant coerced fellow prisoners into engaging in homosexual relations with him, where defendant was on trial for murder and such evidence was probative to his motive and intent). The government need not prove that the physical elements of the extrinsic offense are included in, or similar to, the physical elements of the charged offense. *Beechum*, 582 F.2d at 910–13 (holding that "[i]t is not necessary that the physical elements of the charged and extrinsic offenses concur for . . . relevancy [to be] established").

Intent and knowledge, or the lack thereof, are often contested issues in criminal cases, and as a result, the probative value of evidence of a defendant's intent and knowledge often outweighs any prejudice that evidence may impose. The Fifth Circuit "consider[s] several factors in determining whether the prejudicial effect of the extrinsic evidence substantially outweighs its probative value: (1) the government's need for

12

extrinsic evidence, (2) the similarity between the extrinsic and charged offenses, (3) the amount of time separating the two offenses, and (4) the court's limiting instructions." *United States v. Kinchen*, 729 F.3d 466, 473 (5th Cir. 2013).

Where intent and knowledge are contested, extrinsic evidence relevant to intent and knowledge may become essential to the government's case. *See, e.g.*, *id.* For example, a defendant may agree that he committed the physical acts which form the basis for the charge, but assert that he lacked the intent or criminal knowledge necessary to be found guilty. In such a case, evidence of other crimes, wrongs, or acts may well be admissible under Rule 404(b) to prove that the defendant did, in fact, have the requisite intent and knowledge. *See, e.g.*, *United States v. Smith*, 804 F.3d 724, 736 (5th Cir. 2015) (citing Rule 404(b) and noting that "an uncharged offense is relevant to intent . . . if it requires the same intent as the charged offense") (internal quotation marks omitted)); *United States v. Taglione*, 546 F.2d 194, 199 (5th Cir. 1977) (citing Rule 404(b) and noting that "evidence of other offenses is admissible to show criminal intent"). Where intent or knowledge is contested and the probative value of the other crime, wrong, or act is not substantially outweighed by the danger of unfair prejudice, the evidence is admissible. *See, e.g.*, *Smith*, 804 F.3d at 736 (allowing evidence of an uncharged bribe to show intent where "intent was a significant and disputed issue at trial, the uncharged and charged offenses were "highly similar," the offenses occurred at the same time, and the court gave proper limiting instructions"); *United States v. Wallace*, 759 F.3d 486, 494

13

(5th Cir. 2014) (allowing evidence of prior convictions for narcotics possession to prove intent where defendants "placed their knowledge and intent at issue and the prior convictions were probative"); *United States v. Moreno-Nunez*, 595 F.2d 1186, 1188 (9th Cir. 1979) (allowing evidence of defendant's offer to procure marijuana to prove his "motive, opportunity, intent, preparation, [and] plan" in a case charging him possession of heroin with intent to distribute); *United States v. DeFillipo*, 590 F.2d 1228, 1240 (2d Cir. 1979) (allowing evidence of defendants' possession of stolen goods as "highly probative of their knowledge and intent" when they possessed other stolen goods three months later and "[k]nowledge and intent were very clearly in issue).

Because evidence of other crimes, wrongs, or acts is admissible to show motive, intent, identity, and knowledge— issues which may be material to proving the government's case-in-chief—the government is not required to wait for the defendant to put those matters in issue. *United States v. Juarez*, 561 F.2d 65, 73 (7th Cir. 1977) (noting that "intent in virtually all offenses is material, and is therefore a part of the case to be proved in chief; and . . . unless the precise defense be disclosed in advance, the prosecution may in fairness assume that [i]ntent may come into issue" and affirming the district court's decision to permit the government to introduce evidence of intent in its case-in-chief (quoting 2 Wigmore, Evidence § 307, at 207 (3d ed. 1940)); *United States v. Adcock*, 558 F.2d 397, 402 (8th Cir. 1977) (observing that because "intent was an essential element of . . . the crimes charged" and the government was "duty-bound in its

14

case-in-chief to establish all of the essential elements of the crimes charged . . [t]he government need not await the defendant's denial of intent before offering evidence of similar acts relevant to that issue").

In addition, a plea of "not guilty"—as Kasnetz has entered—squarely places his knowledge and intent at issue. *See United States v. Walker*, 410 F.3d 754, 759 (5th Cir. 2005) (holding that the defendant "put his intent at issue by pleading not guilty"). Normally, if the defendant's state of mind is not at issue, then extrinsic evidence is not admissible. *See United States v. Roberts*, 619 F.2d 379, 383 (5th Cir. 1980) (holding that evidence of extrinsic offenses that are "probative of a defendant's state of mind" are not admissible if the defendant "affirmatively take[s] the issue of intent out of the case"). However, the defendant must *affirmatively* remove this issue, not just promise to not actively pursue or challenge it. *Id*. Because Kasnetz has not affirmatively removed his state of mind—*i.e.*, his knowledge and intent—as a trial issue, evidence of other similar acts that shed light on his state of mind is proper and should be admitted under Rule 404(b). Moreover, admission of these other acts also go to motive, and lack of mistake.

### 1. Kasnetz's Uncharged Child Pornography Found on the HP Computer and Samsung Laptop Computer

There is evidence that Kasnetz possessed other uncharged child pornography images on his HP computer and Samsung laptop computer. This evidence is probative because this proves Kasnetz's knowledge and intent and shows that he did not commit

15

the charged criminal conduct by mistake or accident. *See, e.g.*, *United States v. Layne*, 43 F.3d 127, 134 (5th Cir. 1995) (agreeing that uncharged images depicting child pornography and "simulated" child pornography were "relevant to showing that [the defendant] had a knowing interest in the child pornography"); *United States v. Rubio*, 834 F.2d 442, 451 (5th Cir. 1987) (holding that evidence of prior seizures of child pornography was relevant to the proving the defendant's intent to receive such materials); *see also United States v. Angle*, 234 F.3d 326, 343-44 (7th Cir. 2000) (holding that evidence of uncharged child pornography was admissible to establish that "the defendant acted knowingly and without mistake in possessing . . . child pornography").

The government, therefore, submits that evidence of the existence of uncharged child pornography on Kasnetz's computer and Samsung laptop computer is relevant toward establishing that his actions were not accidental or inadvertent and that his offenses were committed with the requisite states of mind—knowledge and intent—required for convictions. Hence, this evidence is clearly relevant to an issue other than the defendant's character or propensity, and it is not unduly prejudicial. Under the factors articulated by *Kinchen*, evidence of knowledge is a high burden to bear, the uncharged child pornography is very similar in nature to the charged offenses, the uncharged child pornography are close in time to the charged images, and the court can issue a limiting instruction as to the purpose and use of the extrinsic evidence.

Accordingly, the admission of this evidence is appropriate under Rule 404(b).

### 2. Kasnetz Internet History Showing His Sexual Interest in Children

Evidence of Kasnetz's internet history shows he has a sexual interest in children. These internet searches should be admitted to show knowledge, intent, motive, absence of mistake, and lack of accident regarding Kasnetz's receipt and possession of child pornography.

The admission of the preceding Rule 404(b) evidence is extremely probative, and not unfairly prejudicial to the defendant, and this Court can alleviate any potential prejudice with a limiting instruction given immediately after the evidence is introduced. *See* Fifth Circuit Pattern Jury Instructions (Criminal Cases), No. 1.30 (Similar Acts).; *see also Kinchen*, 729 F.3d at 473 (holding that limiting instructions are a relevant factor in a Rule 403 analysis); *United States v. Taylor*, 210 F.3d 311, 318 (5th Cir. 2000) ("[E]vidence of a defendant's prior conviction for a similar crime is more probative than prejudicial and . . .any prejudicial effect may be minimized by a proper jury instruction."). "Jurors are presumed to follow their instructions, and there is no reason to assume that they [will] not do so in this instance." *Woods v. Johnson*, 75 F.3d 1017, 1036 n.29 (5th Cir. 1996) (internal citation omitted). In fact, there is an "almost invariable assumption of law that jurors follow their instructions." *Richardson v. Marsh*, 481 U.S. 200, 206 (1987).

In *United States v. Tanguay*, a possession of child pornography case, the district court permitted evidence of (1) graphic stories "describing sexual encounters between

17

male adults and male children," (2) child erotica, (3) pornographic photographs of an 18 year old, and (4) "bookmarks to websites with names . . . suggest[ing] sexually explicit material featuring male children," under Rule 404(b). 982 F. Supp. 2d 119, 120 (D. N.H. 2013). The court noted that in "possession" offenses:

> the central issue is often whether the defendant was in *knowing* possession. The knowledge element is difficult to prove, and defendants commonly claim that they were merely . . . unwitting participants. Where the evidence is susceptible to the explanation that the acts alleged to constitute the crime were innocently performed and the crucial issues of intent and knowledge are keenly disputed, . . . it is within the judge's discretion to permit the government to introduce evidence of . . . similar offenses to demonstrate the unlikeliness that the defendant was merely an innocent and unknowing bystander.

*Id.* at 122 (quoting *United States v. Aguilar-Aranceta*, 58 F.3d 796, 798 (1st Cir. 1995)).

Here, Kasnetz has entered a not guilty plea and has elected to proceed to trial. The government anticipates that Kasnetz will argue that he did not knowingly receive, access or possess child pornography. The other child pornography and internet usage of websites denoting a sexual interest in children are critical to show that Kasnetz *knowingly* engaged in the possession of child pornography.

The *Tanguay* court recognized this and found such evidence to be extremely probative, noting that a person's possession of uncharged materials in conjunction with his knowing possession of charged child pornography makes it "'seem unlikely that the same person could be [repeatedly] victimized' by the placement of such materials on his computer without his knowledge." *Id.* at 122 (quoting *Aguilar-Aranceta*, 58 F.3d at 799;

18

22 Charles A. Wright & Kenneth A. Graham, Jr., *Federal Practice & Procedure* § 5245 (1978)).

## IV.

## CONCLUSION

For the above reasons, this Court should admit the proposed evidence as inextricably intertwined, admissible under Federal Rules of Evidence 414 and/or Rule 404(b).

Respectfully submitted,

ERIN NEALY COX
UNITED STATES ATTORNEY

*s/ Shane Read*
SHANE READ
Assistant United States Attorney
Texas State Bar No. 16623950
1100 Commerce Street, Third Floor
Dallas, Texas 75242
Telephone: 214.659.8688
Email: shane.read@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on **August 11, 2020**, I electronically filed the foregoing document with the Clerk of Court for the United States District Court, Northern District of Texas, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*s/ Shane Read*
SHANE READ
Assistant United States Attorney