**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

_____

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **Case No. 3:18-CR-00345-O** |
| | § | |
| **ANDREW KASNETZ** | § | |

**DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO THE EMERGENCY**
**MOTION TO COMPEL GRIFFEYE REPORT**

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Andrew Kasnetz (hereinafter "Defendant"), by and through his attorney, respectfully submits this reply to the Government's Response [Doc. 65] to the Emergency Motion to Compel Griffeye Report [Doc. 61].

The Government must not be allowed to allege Defendant possessed over three thousand files of CAM without producing the file names, hash values, and location among other things contained in the Griffeye Report. Further, simply allowing Defendant's Experts to have access to the Devices does not remedy the situation as only the Government can opine what files constitute Child Pornography.

A full Griffeye Report is necessary for the defense, as this tool can only be used by the Government and identifies Child Abuse Material ("CAM") located on specific devices. The Government alleges that Defendant's Experts having access to the seized devices (the "Devices") is enough, however, Defendant's Experts are unable to opine what is and is not CAM. Because only the Government can opine what CAM is, the Griffeye Report is the sole means of identifying the alleged CAM found on the Devices. The Government has alleged there are over three thousand

files of CAM on the Devices.  The Griffeye Report is the sole means of identifying those files and explaining what CAM is there, how the CAM got there, and where the CAM was located on the Devices.  Defendant's Expert goes into more detail in her email attached as **Exhibit A**.

A forensic examination was ran on the Devices by the Government that created a Griffeye Report.  A Summary Report was produced to Defendant.  Griffeye is a forensic tool designed specifically to identify files containing CAM.  This tool is used to scan a device which then will identify illegal material.  All of this happens automatically when the Griffeye tool is used on a specific device.

The Griffeye Tool was obviously used on the Devices as this is the only way to generate the summary report.  What the Government claims is that Agent Covey, instead of allowing the whole report to be generated by Griffeye, only generated the summary of the report.  The underlying spreadsheet identifying specifically what CAM was allegedly found already exists as this is the same data that creates the summary.  Defendant is merely requesting that the Government generate that report as well, which can be done by the push of a button; not merely the summary.

This can be analogized with a QuickBooks account.  All of the financial data already exists.  It is a matter of either generating the summary of the Profit and Loss statement or the underlying financial transactions that create the Profit and Loss statement.  Defendant is requesting the underlying transactions because this will show in detail what the Government alleges was contained on the Devices.

Additionally, the Government's original forensic review identified nine files of CAM.  Further, the indictment references five files.  The Government now, with the production of the summary of the Griffeye Report, is alleging there are over three thousand files of CAM.  This is

obviously a massive discrepancy and a material change in the case.  Even though the Government is now identifying thousands of CAM, the Government will not provide file names or files' locations on the computer.  The Government must prove that the Defendant *knowingly* possessed files of CAM.  If these files were located in unallocated space or other hidden locations that were unavailable and unknown to Defendant, then there is a strong argument that Defendant did not knowingly possess the alleged files of CAM.  This is one of many reasons that the Griffeye Report is essential to the defense.

As stated in the original Motion, the spreadsheet is imperative to the defense as it identifies, among other information, the file names, classifications, headers, hash values, PhotoDNA, and of all files scanned from the Devices.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests this Honorable Court compel the Government to turn over the entirety of the Griffeye Report. Defendant further respectfully requests that any and all other necessary and appropriate relief be granted to affect this Motion.

Respectfully Submitted,

/s/ Connor Nash
**Connor Nash**
State Bar No. 24116809
Email: connor@jamesbellpc.com
**JAMES S. BELL, P.C.**
2808 Cole Ave.
Dallas, Texas 75204
Telephone: (214) 668-9000

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I certify that a true copy of the above was served on each attorney of record or part in accordance with the Federal Rules of Civil Procedure.

/s/ Connor Nash
**Connor Nash**

# Exhibit A



**Connor Nash <connor@jamesbellpc.com>**

---

# United States v. Andrew Kasnetz

---

**Michele Bush** <mb@loehrsforensics.com>                                    Tue, Aug 11, 2020 at 6:35 PM
To: Connor Nash <connor@jamesbellpc.com>, "james@jamesbellpc.com (Other)" <james@jamesbellpc.com>
Cc: Tami Loehrs <tl@loehrsforensics.com>, Loehrs Forensics <info@loehrsforensics.com>, "Andrew B. (Other)"
<a.kasnetz@gmail.com>

James and Connor,

I reviewed the Government's Response to Defendant's Motion to Compel Griffeye Report filed August 10, 2020. Below are my responses to the Government.

Per the attached email on August 6 and 7, 2019, Counsel for Defendant emailed the Government requesting all the evidence in this case be provided at the Phoenix FBI office. This request has been fulfilled on countless federal cases throughout the county where Loehrs Forensics was hired including, most recently, *United States v. Jerry Guerrero*, CR19-00030, in the USDC for the territory of Guam, and *United States v. Kyle Soto*, CR18-50050, in the USDC for the District of South Dakota. However, the Government declined the request indicating the evidence will only be available at the Dallas FBI. In that regard, two days were scheduled at the Dallas FBI with SA Covey to review the evidence on September 23 and 24, 2019. No other dates or times were scheduled for defense to review the evidence in this case.

On September 23, 2019, I arrived at the FBI and met with Special Agent Aaron Covey. Upon arrival in the lobby I was required to go through security and leave any and all electronic devices in my car or with security including my cell phone and external hard drive containing my forensic software, licensing, and the discovery in this case. I explained the need to access that drive on the equipment provided by the FBI to install software and review case discovery. SA Covey made an exception and allowed me to bring the drive inside the FBI for the purpose of copying limited data to the FBI equipment, disconnected the drive prior to beginning my examination, and then secured my drive in SA Covey's desk during my review of the evidence. SA Covey also provided a printed copy of DExT 302 reports and Cart Tech notes which detailed the following electronic items seized in this case, but only three items were actually provided to me on the forensic equipment setup by the FBI (highlighted). I did not refuse access to the remaining items but did not specifically request copies of the additional evidence that was not already provided on the FBI computer as I wanted to consult with counsel prior to making informal requests from the Government. Additionally, I was only scheduled for two days to review the evidence at the FBI in Dallas. My examination of three items provided was already extremely limited due to restrictions on equipment, software, forensic resources, and time. Evidence in child pornography cases is commonly provided by law enforcement across the county to the Loehrs Forensics lab in Phoenix under court protective orders (see attached orders). Evidence that is deemed void of contraband is routinely produced to the Loehrs Forensics lab absent a protective order.

| ITEM | DESCRIPTION | NOTES |
|------|-------------|-------|
| 1B1 | Seagate Backup Plus Portable Drive, S/N NA908B6C | Item not provided for review. |
| 1B2 | Seagate Backup Plus Ultra Slim External Hard Drive, S/N NA9534SF | Item not provided for review. |
| 1B3 | Toshiba External Hard Drive, S/N Z6IETCNNTDEC | Item not provided for review. |
| 1B4 | Toshiba External Hard Drive, S/N Y6KTJ0JTDEC | Item not provided for review. |
| 1B5 | Asus Laptop, S/N G7N0CV02J67027E | Item not provided for review. |

| 1B6 | Fujitsu Lifebook Laptop, S/N R8514082 | Item not provided for review. |
| 1B7 | Seagate Backup Plus Desktop External Had Drive, S/N NA7EG98B | Item not provided for review. |
| 1B8 | Toshiba External Hard Drive, S/N 25LATVTBTYP3 | Item not provided for review. |
| 1B9 | USB Memory Drive with Sticker Labeled as "RJ and Neil Strauss" | Item not provided for review. |
| 1B10 | 2TB Western Digital Hard Drive, S/N WMAZA3933465 | Item not provided for review. |
| 1B11 | Iomega External Hard Drive, S/N TJA014039D | Item not provided for review. |
| 1B12 | Samsung Laptop Computer, S/N RP1801100440 | |
| QDL2_1 | 500GB Samsung ATIV | No files charged from this item |
| 1B13 | Dell Dimension 2350 Desktop Computer, S/N C2Z4B21 | Item not provided for review. |
| 1B14 | Advanced Camera Technology Desktop Computer | Item not provided for review. |
| 1B15 | Dell Dimension 5100 Desktop Computer, S/N FGG-ZZ71 | Item not provided for review. |
| 1B16 | Advanced Camera Technology Desktop Computer | Item not provided for review. |
| 1B17 | HP Envy Desktop Computer, S/N MXX6340KFL | |
| QDL1_1 | 2TB Seagate ST2000DM 001-1ER1 SCSI Disk Device, S/N Z4Z6384B | No files charged from this item |
| QDL1_2 | 8TB Western Digital WD80 02FRYZ-0 SCSI Disk Device, S/N VKJ33TRX | Files charged in Count 1 and 2 |
| 1B18 | 256GB SanDisk Memory Drive | Item not provided for review. |
| 1B19 | 32GB PNY USB Memory Drive | Item not provided for review. |
| 1B20 | Apple iPhone Model A1784 | Item not provided for review. |
| 1B21 | Apple iPhone Model A1522 | Item not provided for review. |
| 1B22 | Apple iPad Model A1475 | Item not provided for review. |
| 1B23 | Apple iPad Model A1652 | Item not provided for review. |
| 1B24 | 2GB W-Photo SD Card | Item not provided for review. |
| 1B25 | DVR/DVS Security System | Item not provided for review. |

Coincidentally, Loehrs Forensics was retained on a separate unrelated matter handled by the Dallas FBI and I traveled back to their office to meet with a different agent. At that time, SA Covey conveniently provided me access to the Torrential Downpour log files in this case but no additional evidence.

Regarding the identification of illegal material, I do not have the legal authority to opine what constitutes illegal child exploitation material nor do I have access to databases of hash values for known child pornography files identified by law enforcement, doctor of children's hospitals, and the National Center for Missing and Exploited Children (NCMEC). I have access to the Griffeye software but not the law-enforcement-only databases of known hash values required for the software to identify illegal material. In that regard, I am unable to process the evidence using tools such as Griffeye for files of child pornography. Even if I were provided access to all items list above, my only option to identify child pornography would be to manually review all images and videos for content that I personally believed to contain illegal child exploitation. Not only would this manual process take months, which is why software was developed to do this automatically, but I would not be permitted to testify or prepare a report of those findings. Knowing Griffeye was used by SA Covery and a summary was generated generically identifying over 3,000 illegal files, I know Griffeye also contains information about the file names, locations, dates, hashes, and allocation that has not been produced by the Government.

For all those reasons, it is pertinent to the defense that we are able to discern what files the Government has identified as containing illegal material and identify when they were created, where they exist on the evidence, and if they were deleted. These distinctions will play a significant role in understanding the charges against Defendant as well as potential mitigation factors that could be used against Defendant at sentencing.

**Michele Bush, CCE, CCFE, CMFE** | Forensics Expert

Loehrs Forensics | A Digital Forensics Company

1505 N. Central Ave, Suite 111 | Phoenix, AZ 85004

TUC 520.219.6807 | PHX 602.313.0976

LINKEDIN | FACEBOOK | WEBSITE

This message and any of the attached documents contain information from Loehrs Forensics, LLC. that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information, and no privilege has been waived by your inadvertent receipt. If you receive this email in error, please notify the sender by e-mail and then delete this.

---------- Forwarded message ----------
From: Madison Thomas <mt@loehrsforensics.com>
To: "McGlothin, Abe (USATXN)" <Abe.McGlothin@usdoj.gov>, "todd@toddlaw.org" <todd@toddlaw.org>, "Read, Shane (USATXN)" <Shane.Read@usdoj.gov>
Cc: Tami Loehrs <tl@loehrsforensics.com>, Loehrs Forensics <info@loehrsforensics.com>
Bcc:
Date: Wed, 7 Aug 2019 21:12:10 +0000
Subject: RE: Andrew Kasnetz Evidence Request
Thank you for your email Mr. McGlothin,

We would like to schedule a review of the evidence that is currently in the custody of the FBI in Dallas, Texas.  I've

Case 3:18-cr-00345-D  Document 72  Filed 08/11/20   Page 9 of 10   PageID 492

provided Ms. Loehrs availability below.  Can you provide the address of where the review will take place, if we will be permitted to use our own equipment or if you provide specific Adam Walsh equipment, hours of operation, point of contact upon arrival to include their phone numbers and email addresses.  Thanks again and we look forward to working with you.

August:  21st, 22nd, 23rd, 2019

September:  16th-20th, 23rd & 24th, 2019

Anthony Garcia | Manager

Loehrs Forensics | A Digital Forensics Company
1505 North Central Ave, Suite 111 | Phoenix, AZ 85004
Tuc 520 219 6807 | Phx 602 313 0976
LINKEDIN |  FACEBOOK |  WEBSITE

Loehrs & Associates has changed its name to Loehrs Forensics and this email reflects our new contact information.  You can also visit our new website at LoehrsForensics.com.
This message and any of the attached documents contain information from Loehrs Forensics, LLC. that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information, and no privilege has been waived by your inadvertent receipt. If you receive this email in error, please notify the sender by e-mail and then delete this.


-----Original Message-----
From: McGlothin, Abe (USATXN) <Abe.McGlothin@usdoj.gov>
Sent: Wednesday, August 7, 2019 1:42 PM
To: todd@toddlaw.org; Read, Shane (USATXN) <Shane.Read@usdoj.gov>
Cc: Tami Loehrs <tl@LoehrsForensics.com>; Anthony Garcia <ag@LoehrsForensics.com>
Subject: RE: Andrew Kasnetz Evidence Request

Hi Todd,

It was good speaking with you also.

I just spoke with our leadership about this matter because that was something that I could not approve unilaterally. They will not agree to having the images sent outside of our FBI Office here in Dallas. We are more than amenable to allowing Ms. Loehrs to view the images here at the FBI office. You can let me know her available dates and times and I will have the agents ready to assist her during her visit.

Feel free to call if you have any questions.

Thanks,

Abe McGlothin, Jr.
Assistant United States Attorney
United States Attorney's Office
Northern District of Texas
1100 Commerce Street, Suite 300
Dallas, Texas 75242
Direct: (214) 659-8760
Fax: (214) 659-8802
Email: abe.mcglothin@usdoj.gov


CONFIDENTIALITY NOTICE:  This communication with its contents and attachments, if any, may contain confidential, law enforcement sensitive, privileged attorney/client communications or work product, and is not subject to disclosure.  It is solely for the use of the intended recipients.  Unauthorized interception, review, use or disclosure is prohibited.  If you believe that you have received this e-mail in error, please notify the sender immediately, and permanently delete the e-mail, any attachments, and all copies from your computer.


-----Original Message-----
From: todd@toddlaw.org <todd@toddlaw.org>

Sent: Tuesday, August 6, 2018 4:35 PM
To: McGlothin, Abe (USATXN) <AMcGlothin@usa.doj.gov>
Cc: tl@loehrsForensics.com; ag@loehrsForensics.com
Subject: Andrew Kasnetz Evidence Request

Dear Abe, it was nice talking with you today.

As we discussed, Mr. Kasnetz has hired a forensic expert to review the computer evidence in this case.  The expert is Tami Loehrs at Loehrs Forensics, 1505 N. Central Avenue, Suite 111, Phoenix, Arizona 85004.  Her contact information is 602 313 0976, and tl@LoehrsForensics.com.

I am specifically requesting all forensic image evidence seized from Mr. Kasnetz that contained alleged contraband be sent to the FBI Phoenix office.  Ms. Loehrs has informed me that a Special Agent Daniels, 21711 North 7th Street, Phoenix, Arizona 85024 is the person she has worked with in the past to facilitate the review of evidence.  Special Agent Daniels email address is JjDaniels2@fbi.gov.

Furthermore, all forensic image evidence that was seized that does not contain contraband should be remitted to Ms. Loehrs lab as previously listed.

I thank you in advance for your assistance.  If there are any questions, please contact my office.  If I am not available, you may speak with Nichell Patton in my office.

Michael J. Todd
--
Law Office of Michael J. Todd, P.C.
Plaza of the Americas
700 N. Pearl Street
Suite 2170
Dallas, Texas 75201
Tel: (214) 630-8633
Fax:(214) 748-4348

---

**6 attachments**

**RE: Andrew Kasnetz Evidence Request.eml**
9K

**Louisiana - USDC Middle District of Louisiana.pdf**
107K

**New Jersey - Morris County (Slawinski).pdf**
2457K

**California - San Francisco (Pittman).pdf**
416K

**Arizona - Yavapia (Osgood).pdf**
95K

**Washington - Snohomish(2).pdf**
29K