IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Criminal No. 3:18-CR-345-D |
| | § | |
| ANDREW KASNETZ, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant Andrew Kasnetz ("Kasnetz"), charged with child pornography offenses, moves to compel the government to produce the full Griffeye report that it allegedly obtained when it performed a forensic examination of his seized devices using Griffeye software.[1] Because Kasnetz has failed to establish that the government possesses the discovery he seeks, the court denies his motion.

I

Kasnetz is charged with the offenses of receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2), and possession of prepubescent child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). He alleges that, in 2017, the Plano Police Department, using Torrential Downpour software, conducted an online undercover session on the BitTorrent Network and detected that an IP address (later determined to be associated with Kasnetz) had

_____

[1]Griffeye is a forensic tool designed to identify files containing child abuse material by scanning a device and automatically identifying illegal material.

downloaded files of interest to child pornography investigations.  The government then secured a search warrant and seized various devices (the "Devices") from Kasnetz's residence.

According to the government, when Kasnetz's forensic computer expert, Michele Bush ("Bush"), visited the office of the Federal Bureau of Investigation ("FBI") in September 2019, FBI Special Agent Aaron Covey ("Agent Covey") provided her a list of all of the Devices seized from Kasnetz's residence and offered for Bush's review all of the digital evidence in the FBI's possession related to Kasnetz's case.  Bush chose to review the forensic images of two hard drives and a forensic image of a Samsung laptop computer.  She was also provided DExT 302s and Cart Tech notes, which explained the forensic steps taken to image the Devices and indicated the FBI's use of Griffeye software.  During later visits to the FBI, Bush used two digital forensics programs (EnCase and AXIOM) to examine the directory structure and files on the Devices; she did not use Griffeye, although, according to the government, "she . . . could have done that at any time afterwards and may still do so as the government has continued to make the [Devices] available for the defendant."  Gov't Br. 2.

Kasnetz requested several times that a full Griffeye report be produced.  Allegedly as a "courtesy" to defense counsel, the government asked Agent Covey to run a Griffeye report, and, on June 8, 2020, the government produced to Kasnetz a one-page report ("Summary Report") that summarized the images and videos categorized on the Devices as child abuse material ("CAM").  In his motion, Kasnetz maintains that, when the Summary Report was

generated, a corresponding spreadsheet was also created that identifies, among other information, the file names, classifications, headers, hash values, PhotoDNA, and all of the files scanned from the Devices.  Kasnetz allegedly requested the production of this information—i.e., the full Griffeye report—but the government has refused his requests. Accordingly, Kasnetz moves under Fed. R. Crim. P. 16 and *Brady v. Maryland*, 373 U.S. 83 (1963), to compel the government to produce the full Griffeye report.[2]  The government opposes the motion.

## II

## A

Kasnetz moves under Rule 16 and *Brady* to compel the government to produce a full Griffeye report.  He bases his motion on the following grounds: first, he has a "basic right" to know what CAM the government found on the Devices, D. Br. 2; second, his expert needs the spreadsheet to compare the CAM produced by Torrential Downpour with the CAM located on the Devices; third, "[o]n information and belief, this spreadsheet contains exculpatory evidence and, thus, the production of it is vital to the defense," *id.* at 4; and fourth, if the Griffeye report shows that the files are located in unallocated space or hidden locations, then "there is a strong argument that [Kasnetz] did not knowingly possess the

---

[2]Kasnetz filed an emergency motion for continuance concurrently with the instant motion.  On August 11, 2020 the court granted the motion to continue, extending the pretrial motion deadline until November 23, 2020, and continuing the trial of this case to Monday, January 25, 2021.

alleged files of CAM."  D. Reply 3.[3]

The government responds that, although when Agent Covey generated the Summary Report he had the *option* of creating the spreadsheet that Kasnetz describes in his motion, Agent Covey did not select that option; that "no spreadsheet [was] generated by the [Summary Report]"; that Kasnetz's motion essentially seeks to compel the government to use Griffeye to generate a spreadsheet; and that "*Brady* does not impose an affirmative duty on the government to take action to discover information which it does not possess."  Gov't Br. 3.

B

Rule 16 requires the government to "permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places" in the "government's possession, custody, or control" that are "material to preparing the defense."  Rule 16(a)(1)(E)(i).  Thus Rule 16 is limited by its terms to materials that are "within the government's possession, custody, or control."  Further, "Rule 16 only applies to documents that already exist, and the [government] is not required to create new documents for discovery purposes."  *United States v. Chavez*, 2018 WL 6251387, at *1 (W.D. Ky. Nov. 29, 2018) (collecting cases); *see also United States v. Amaya-Manzanares*, 377 F.3d 39, 42 (1st Cir. 2004) ("Rule 16(a)(1)(E) did not apply to the document until it was

_____

[3]Kasnetz filed a reply without leave of court.  Under N.D. Tex. Crim. R. 47.1(f), "[r]eply briefs may not be filed unless the moving party requests, and the presiding judge grants, leave to do so."  Although Kasnetz filed his reply without leave of court, the court in its discretion will consider it.

created."); *United States v. Kahl*, 583 F.2d 1351, 1354 (5th Cir. 1978) (upholding district court's refusal to grant discovery of government statistical compilations when such compilations did not exist); *United States v. Mahon*, 2011 WL 5006737, at *3 (D. Ariz. Oct. 20, 2011) ("The rule does not require the government to create documents that might provide information a defendant desires to obtain."); *United States v. McCarroll*, 1996 WL 99442, at *7 (N.D. Ill. Mar. 5, 1996) ("The government is not generally obligated to create documents which do not exist." (citation omitted)).

Here, the government represents to the court that the spreadsheet Kasnetz describes in his motion—the so-called full Griffeye report—does not exist. "If the document[] do[es] not exist, the United States is not required to manufacture [it]." *Chavez*, 2018 WL 6251387, at *2. Moreover, the government has provided Kasnetz opportunities to conduct his own discovery by meeting with the FBI to review the Devices or to conduct forensic analysis on any of the other seized evidence. Gov't Br. 3; *see also id.* at 2 ("Bush, during her multiple visits to the FBI . . . could have requested to use [Griffeye] software to assist her to investigate the [Devices]. . . . She also could have done that at any time afterwards and may still do so as the government has continued to make the [Devices] available for the defendant."). This would enable Kasnetz to identify and determine on his own the location of any files containing CAM that are located on the Devices.

In his motion, Kasnetz contends that his expert "is not permitted access to the same licensing and features of Griffeye that law enforcement has and cannot run this software herself. Only the Government has the ability to run this software and opine what constitutes

CAM[.]"  D. Br. 4 (citation omitted).  Even if Kasnetz is correct, while this might justify granting him relief that would enable him to generate his own Griffeye spreadsheet (relief that Kasnetz does not now explicitly request, *see* D. Br. 5; D. Reply 3), it would not warrant compelling the government to create and produce a Griffeye report that does not yet exist.

C

To the extent that Kasnetz argues that he is entitled under *Brady* to the discovery he seeks, *Brady* "clearly does not impose an affirmative duty upon the government to take action to discover information which it does not possess."  *United States v. Beaver* 524 F.2d 963, 966 (5th Cir. 1975).  Nor has Kasnetz provided the court any authority for the proposition that *Brady* requires the government to create a document compiling evidence or information that might be exculpatory to the defendant in instances where he alleges that he cannot himself create such a document.  And as for Kasnetz's contention that he seeks the Griffeye Report to prove that certain computer files are located in unallocated spaces or hidden locations, he has neither argued nor established an absence of other forensic programs that are reasonably available for his expert to use in making this showing at trial.

\*   \*   \*

Accordingly, for the reasons explained, the court denies Kasnetz's emergency motion to compel Griffeye report.

**SO ORDERED**.

August 26, 2020.

SIDNEY A. FITZWATER
SENIOR JUDGE