IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| UNITED STATES, | |
|---|---|
| Plaintiff, | |
| | |
| v. | No.    3:18-CR-345-D |
| | |
| ANDREW KASNETZ, | |
| Defendant. | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR EXTENSION

The Court should deny defendant's motion to extend time to file pretrial motions (Dkt. #146.)

## I.    BACKGROUND

On July 11, 2018, a grand jury returned an indictment charging defendant with one count of receipt of child pornography in violation of 18 U.S.C. §2252A(a)(2) and one count of possession of child pornography in violation of 18 U.S.C. §2252A(a)(5)(B) (Dkt. #1.)  On February 28, 2020, a grand jury returned a superseding indictment charging with an additional count of possession of child pornography (Dkt. #81.)

During the lengthy pendency of this case, defendant has been represented by seven attorneys.  Defendant provided notice of substitute counsel on January 29, 2019 (Dkt. #26), January 17, 2020 (Dkt. #54), November 2, 2020 (Dkt. #83), January 7, 2021 (Dkt. #89), April 27, 2021 (Dkt. #92), and September 10, 2021 (Dkt. #142).  Approximately six months ago, defendant filed requests to delay motions deadlines and, ultimately, the trial date (Dkt.  #99.) Defendant terminated representation by previous counsel and hired his current attorney, who—in addition to the previously filed motions to compel discovery and suppress evidence—filed a motion to quash the indictment, a motion to suppress, a supplemental motion to suppress, and the instant motion.

*Government Response to Defendant's Motion to Extend* - 1

Twelve continuances requested by defendant have been granted. Defendant has requested delay of proceedings on July 24, 2018 (Dkt. #7), August 30, 2018 (Dkt. #19), November 12, 2018 (Dkt. #21), December 10, 2018 (Dkt. # 25), February 4, 2019 (Dkt. #28), March 25, 2019 (Dkt. #30), June 26, 2019 (Dkt. #42), August 26, 2019 (Dkt. #50), December 20, 2019 (Dkt. # 52), March 25, 2020 (Dkt. # 55), November 23, 2020 (Dkt. #86), and June 25, 2021 (Dkt. #133). In addition to these delays, defendant previously requested extensions of time to file motions on August 21, 2019 (Dkt. # 47) and May 7, 2021 (Dkt #101).

Throughout this case, the Government has provided substantial discovery to defendant and his various attorneys.  On December 6, 2019, defendant submitted a detailed discovery request.  *See* Dkt. #104 at 32.  Between March 6 and July 13, 2020, defendant submitted by email additional requests for discovery, including a request to examine law enforcement sensitive investigative software Torrential Downpour.  *Id*. at 47-49.  The Government has provided defendant the requested information but denied his request to examine Torrential Downpour.  On May 7, 2021, defendant filed a lengthy motion to compel disclosure of the source code for Torrential Downpour.  Dkt. #104.

## II.     ARGUMENT

Throughout this case, defendant has had more than ample opportunity to request discovery, file motions, and prepare his defense.  Defendant's request for additional time to embark on fishing expeditions, engage in pointless litigation, and to pursue demonstrably meritless theories should be denied.

Defendant's request for delay centers around the notion that additional time will allow him to turn over additional stones in hopes that some imagined item of evidence will support a motion to compel discovery of law enforcement software or to suppress evidence.  However, in

the three years that this case has been pending, defendant has offered this Court nothing more than bare speculation in support of his previous filings requesting similar relief.  Despite previous filings indicating that he hired a forensic examiner to review his devices, defendant has yet to file a single declaration, affidavit, or report from this examiner in support of any of his speculative theories.

Defendant has not offered the Court any reason to find that his current attorney will do anything more than repeat similarly bogus claims.  He does not propose hiring a new forensic examiner or even explain how doing so would accomplish any useful goal.  He does not identify how these so-called "undercover investigations logfiles" are at all helpful to some genuine legal theory.  He does not even suggest that these files are probative of any fact of consequence.  In fact, defendant's previous filings show that his previous attorney and his forensic examiner have reviewed those log files and incorporated that review into his misguided and inaccurate claims about the functioning of Torrential Downpour.  *See* Dkt. #104 at 13; *see also* Dkt. #128 at 18-19 ("There were no errors in the log files.").  Simply put, defendant does not need additional time to file motions or to prepare his defense.

### III.   <u>CONCLUSION</u>

Defendant should not be allowed additional time solely for purposes of pursuing meritless pleadings seeking discovery of law enforcement sensitive software and requesting suppression of evidence despite settled law contrary to his positions.  The government therefore respectfully requests that this Honorable Court deny the defendant's supplemental motion to suppress.

Respectfully submitted,

CHAD E. MEACHAM
Acting United States Attorney

*/s/      Shane Read*
Shane Read
Assistant United States Attorney
Texas Bar No. 16623950
1100 Commerce Street, Third Floor
Dallas, Texas 75242
Telephone: (214) 659-8600
shane.read@usdoj.gov


*/s/      Eduardo Palomo*
Eduardo Palomo
Trial Attorney
Texas Bar No. 24074847
U.S. Department of Justice
1301 New York Ave. NW
Washington, D.C. 20005
Telephone: (202) 579-5738
eduardo.palomo2@usdoj.gov

## **CERTIFICATE OF SERVICE**

I certify that on November 5, 2021, I filed this response with the clerk of court for the

U.S. District Court, Northern District of Texas, which generated service to counsel for defendant.

*/s/      Shane Read*
Shane Read
Assistant United States Attorney