IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

_____

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| | |
| v. | No. 3:18-CR-345-L |
| | **ECF** |
| ANDREW KASNETZ | |

## GOVERNMENT'S REQUESTED JURY INSTRUCTIONS

The United States of America submits the attached Government's Requested

Jury Instructions.  All instructions are from the Fifth Circuit Pattern Jury Instructions

(2019), unless otherwise noted.

CHAD E. MEAHAM
UNITED STATES ATTORNEY


*s/ Shane Read*
SHANE READ
Assistant United States Attorney
Texas State Bar No. 16623950
1100 Commerce, Third Floor
Dallas, TX 75242
Telephone: 214-659-8688
Email: shane.read@usdoj.gov

*s/ Eduardo Palomo*
Eduardo Palomo
Trial Attorney
Texas Bar No. 24074847
U.S. Department of Justice
1301 New York Ave. NW
Washington, D.C. 20005
Telephone: (202) 579-5738
eduardo.palomo2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on **March 18, 2022**, I electronically filed the foregoing document with the Clerk of Court for the United States District Court, Northern District of Texas, using the electronic case filing system of the Court.  The electronic case filing system will send a Notice of Electronic Filing to the following attorney(s) of record who have consented in writing to accept this Notice as service of this document by electronic means.

_s/ Eduardo Palomo_
Eduardo Palomo
Trial Attorney

**1.01**
**Preliminary Instructions**

Members of the jury:

Now that you have been sworn, I will give you some preliminary instructions to guide you in your participation in the trial.

***Duty of the jury*:**

It will be your duty to find from the evidence what the facts are.  You and you alone will be the judges of the facts.  You will then have to apply to those facts the law as the court will give it to you.  You must follow that law whether you agree with it or not.

Nothing the court may say or do during the course of the trial is intended to indicate, or should be taken by you as indicating, what your verdict should be.

***Evidence:***

The evidence from which you will find the facts will consist of the testimony of witnesses, documents and other items received into the record as exhibits, and any facts that the lawyers agree to or stipulate to or that the court may instruct you to find.  Certain things are not evidence and must not be considered by you.  I will list them for you now.

1.      Statements, arguments, and questions by lawyers are not evidence.

2.      Objections to questions are not evidence.  Lawyers have an obligation to their clients to make objections when they believe evidence being offered is improper under the rules of evidence.  You should not be influenced by the objection or by the

court's ruling on it.  If the objection is sustained, ignore the question.  If it is overruled, treat the answer like any other.  If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

3.      Testimony that the court has excluded or told you to disregard is not evidence and must not be considered.

4.      Anything you may have seen, heard, or read outside the courtroom is not evidence and must be disregarded.  You are to decide the case solely on the evidence presented here in the courtroom.

There are two kinds of evidence: direct and circumstantial.  Direct evidence is direct proof of a fact, such as testimony of an eyewitness.  Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist.  I will give you further instructions on these as well as other matters at the end of the case, but keep in mind that you may consider both kinds of evidence.

It will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject.  I will give you some guidelines for determining the credibility of witnesses at the end of the case.

***Rules for criminal cases:***

As you know, this is a criminal case.  There are three basic rules about a criminal case that you must keep in mind.

*First*:  the defendant is presumed innocent until proven guilty.  The indictment brought by the government against the defendant is only an accusation, nothing more. It is not proof of guilt or anything else.  The defendant therefore starts out with a clean

slate.

*Second*:  the burden of proof is on the government until the very end of the case. The defendant has no burden to prove his or her innocence, or to present any evidence, or to testify.  Since the defendant has the right to remain silent, the law prohibits you from arriving at your verdict by considering that the defendant may not have testified.

*Third*:  the government must prove the defendant's guilt beyond a reasonable doubt.  I will give you further instructions on this point later, but bear in mind that in this respect a criminal case is different from a civil case.

**Summary of applicable law:**

In this case the defendant is charged with receipt of child pornography (Count One); and possession of prepubescent child pornography (Counts Two and Three).  I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision.  But in order to help you follow the evidence, I will now give you a brief summary of the elements of the offenses that the government must prove beyond a reasonable doubt to make its case.

For you to find the defendant guilty of these crimes, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

**Count One: Receipt of Child Pornography**

*First*: That the defendant knowingly received an item of child pornography, as alleged in the superseding indictment;

*Second*: That the item of child pornography had been shipped or transported in or affecting interstate or foreign commerce by any means, including by computer; and

*Third*: That when the defendant received the item, the defendant knew the item was or contained child pornography.

## Count Two and Three:  Possession of Prepubescent Child Pornography

*First*: That the defendant knowingly possessed items that contain an image of child pornography, as alleged in the superseding indictment;

*Second*: That the material was shipped or transported using any means or facility of or in or affecting interstate or foreign commerce by any means, including by computer or that the material was produced using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer;

*Third*: That when the defendant possessed the material, the defendant knew the material was child pornography; and

*Fourth*: At least one of the images or videos involved a prepubescent minor or a minor under the age of 12 years old.[1]

### *Conduct of the jury:*

During the course of the trial, do not speak with any witness, or with the defendant, or with any of the lawyers in the case.  Please do not talk with them about any subject at all.  You may be unaware of the identity of everyone connected with the case.  Therefore, in order to avoid even the appearance of impropriety, do not engage in any conversation with anyone in or about the courtroom or courthouse.  It is best

---

[1] 18 U.S.C. § 2252A(b)(2).

that you remain in the jury room during breaks in the trial and do not linger in the hall. In addition, during the course of the trial, do not talk about the trial with anyone else – not your family, not your friends, not the people with whom you work.  Also, do not discuss this case among yourselves until I have instructed you on the law and you have gone to the jury room to make your decision at the end of the trial.  Otherwise, without realizing it, you may start forming opinions before the trial is over.  It is important that you wait until all the evidence is received and you have heard my instructions on rules of law before you deliberate among yourselves.

You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom. This means that during the trial you must not conduct any independent research about this case, the matters in this case, and the individuals or corporations involved in the case.  In other words, you should not consult dictionaries or reference materials,  search the Internet, websites, or blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. Please do not try to find out information from any source outside the confines of this courtroom.

I know that many of you use cell phones, the Internet, and other tools of technology.  You also must  not talk to anyone at any time about this case or use  these tools to communicate electronically with anyone  about the case.  This includes your family and friends. You may not communicate with anyone about the case through any means, including your cell phone, through e-mail,  Blackberry, iPhone,  text  messaging,  or  on Snapchat or Twitter, or through any blog or

website, including Facebook, Google+, MySpace, LinkedIn, or YouTube. You may not use any similar technology of social media, even if I have not specifically mentioned it here. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to  start over.

***Course of the trial:***

I will now give you a roadmap to help you follow what will happen over the entire course of this trial.   First, the government will make an opening statement, which is simply an outline to help you understand the evidence as it is admitted. Next, the defendant's attorney may, but does not have to, make an opening statement. Opening statements are neither evidence nor arguments.

The government will then present its witnesses, and counsel for the defendant may cross-examine them.  Following the government's case, the defendant may, if he wishes, present witnesses whom the government may cross-examine. If the defendant decides to present evidence, the  government  may  introduce rebuttal  evidence.

After all the evidence is in, the attorneys will present their closing arguments to summarize and interpret the evidence for you, and the court will instruct you on the law. After that, you will retire to deliberate on your verdict.

The trial will now begin.

**1.02**
**Note—Taking by Jurors (Optional Addition to Preliminary Instruction)**

ALTERNATIVE A

You may not take notes during the course of the trial.  There are several reasons for this.  It is difficult to take notes and, at the same time, pay attention to what a witness is saying.  Furthermore, in a group the size of yours, certain persons will take better notes than others, and there is the risk that the jurors who do not take good notes will depend upon the jurors who do take good notes.  The jury system depends upon all jurors paying close attention and arriving at a unanimous decision.  I believe that the jury system works better when the jurors do not take notes.

You will note that we do have an official court reporter making a record of the trial; however, we will not have typewritten transcripts of this record available for your use in reaching a decision in this case.

ALTERNATIVE B

If you would like to take notes during the trial, you may do so.  On the other hand, you are not required to take notes if you prefer not to do so.  Each of you should make your own decision about this.

If you do decide to take notes, be careful not to get so involved in the note-taking that you become distracted from the ongoing proceedings.  Your notes should be used only as memory aids.  You should not give your notes precedence over your independent recollection of the evidence.  If you do not take notes, you should rely upon your own independent recollection of the proceedings and you should not be

unduly influenced by the notes of other jurors.

Notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been. Whether you take notes or not, each of you must form and express your own opinion as to the facts of the case.

You will note that we do have an official court reporter making a record of the trial; however, we will not have typewritten transcripts of this record available for your use in reaching a decision in this case.

**1.03**
**Introduction to Final Instructions**

Members of the Jury:

In any jury trial there are, in effect, two judges.  I am one of the judges; the other is the jury.  It is my duty to preside over the trial and to decide what evidence is proper for your consideration.  It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions that apply in every case, for example, instructions about burden of proof and how to judge the believability of witnesses.  Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.

**1.04**
**Duty to Follow Instructions**

You, as jurors, are the judges of the facts.  But in determining what actually happened – that is, in reaching your decision as to the facts – it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you.  You must not substitute or follow your own notion or opinion as to what the law is or ought to be.  It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy.  That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

**1.05**
**Presumption of Innocence, Burden of Proof, Reasonable Doubt**

The indictment or formal charge against a defendant is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent.  The defendant begins with a clean slate.  The law does not require a defendant to prove his innocence or produce any evidence at all *[and no inference whatever may be drawn from the election of a defendant not to testify].*

The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant.  While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt.  It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case.  Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in making the most important decisions of your own affairs.

**1.06**
**Evidence—Excluding What Is Not Evidence**

As I told you earlier, it is your duty to determine the facts.  To do so, you must consider only the evidence presented during the trial.  Evidence is the sworn testimony of the witnesses, including stipulations, and the exhibits.  The questions, statements, objections, and arguments made by the lawyers are not evidence.

The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice.  In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case.  What the lawyers say is not binding upon you.

During the trial, I sustained objections to certain questions and exhibits.  You must disregard those questions and exhibits entirely.  Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit. Also, certain testimony or other evidence has been ordered removed from the record and you have been instructed to disregard this evidence.  Do not consider any testimony or other evidence which has been removed from your consideration in reaching your decision.  Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case.  Except for the instructions to

you on the law, you should disregard anything I may have said during the trial in arriving at your own verdict.

**1.08**
**Evidence—Inference—Direct and Circumstantial**

ALTERNATIVE A

In considering the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence." You should consider and weigh all of the evidence that was presented to you.

The law makes no distinction between the weights to be given either direct or circumstantial evidence. But the law requires that you, after weighing all of the evidence, whether direct or circumstantial, be convinced of the guilt of the defendant beyond a reasonable doubt before you can find him [her] guilty.

ALTERNATIVE B

In considering the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence." You should consider and weigh all of the evidence that was presented to you.

"Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of events and circumstances indicating that something is or is not a fact.

The law makes no distinction between the weights to be given either direct or circumstantial evidence. But the law requires that you, after weighing all of the evidence, whether direct or circumstantial, be convinced of the guilt of the defendant beyond a reasonable doubt before you can find him [her] guilty.

**1.09**
**Credibility of Witnesses**

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses [including the defendant] who testified in this case. You should decide whether you believe all, some part, or none of what each person had to say, and how important that testimony was. In making that decision I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he or she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

[The testimony of the defendant should be weighed, and his credibility evaluated in the same way as that of any other witness.]

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point. You will always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

## 1.18
## Expert Opinion Testimony

During the trial you heard the testimony of individuals who purport to be experts in their respective fields who have expressed opinions about computer forensics and various scientific, technical, or other matters involving specialized knowledge relating to operation and use of certain computer software and programs. If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified by knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters.

Merely because such a witness has expressed an opinion does not mean, however, that you must accept this opinion. You should judge such testimony like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

**1.19**
**On or About**

You will note that the indictment charges that the offense was committed on or about a specified date. The government does not have to prove that the crime was committed on that exact date, so long as the government proves beyond a reasonable doubt that the defendant committed the crime on a date reasonably near the date stated in the indictment.

**1.21**
**Caution—Consider Only Crimes Charged**

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crime charged. The defendant is not on trial for any act, conduct, or offense not alleged in the indictment. Neither are you called upon to return a verdict as to the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed.

## 1.32
## Similar Acts

You have heard evidence of acts of the defendant which may be similar to those charged in the indictment, but which were committed on other occasions. You must not consider any of this evidence in deciding if the defendant committed the acts charged in the indictment. However, you may consider this evidence for other, very limited, purposes.

If you find beyond a reasonable doubt from other evidence in this case that the defendant did commit the acts charged in the indictment, then you may consider evidence of the similar acts allegedly committed on other occasions to determine: Whether the defendant had the state of mind or intent necessary to commit the crime charged in the indictment;

or

Whether the defendant had a motive or the opportunity to commit the acts charged in the indictment;

or

Whether the defendant acted according to a plan or in preparation for commission of a crime;

or

Whether the defendant committed the acts for which he [she] is on trial by accident or mistake.

These are the limited purposes for which any evidence of other similar acts may

be considered.

**1.22**
**Caution—Punishment**

If a defendant is found guilty, it will be my duty to decide what the punishment will be. You should not be concerned with punishment in any way. It should not enter your consideration or discussion.

**1.23**
**Single Defendant—Multiple Counts**

A separate crime is charged in each count of the indictment. Each count, and the evidence pertaining to it, should be considered separately. The fact that you may find the defendant guilty or not guilty as to one of the crimes charged should not control your verdict as to any other.

**1.28**
**Confession—Statement—Voluntariness**
**(Single Defendant)**

In determining whether any statement, claimed to have been made by the defendant outside of court and after an alleged crime has been committed, was knowingly and voluntarily made, you should consider the evidence concerning such a statement with caution and great care. You should give such weight to the statement as you feel it deserves under all the circumstances.

You may consider in that regard such factors as the age, sex, training, education, occupation, and physical and mental condition of the defendant, his treatment while under interrogation, and all the other circumstances in evidence surrounding the making of the statement.

**1.11**
**Impeachment by Prior Inconsistencies**

The testimony of a witness may be discredited by showing that the witness testified falsely, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the testimony the witness gave at this trial.

Earlier statements of a witness were not admitted in evidence to prove that the contents of those statements are true. You may not consider the earlier statements to prove that the content of an earlier statement is true; you may only use earlier statements to determine whether you think the earlier statements are consistent or inconsistent with the trial testimony of the witness and therefore whether they affect the credibility of that witness.

If you believe that a witness has been discredited in this manner, it is your exclusive right to give the testimony of that witness whatever weight you think it deserves.

**1.41**
**"Knowingly"—to Act**

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

**Intent**

**(Devitt and Blackmar, *Federal Jury Practice and Instructions*, 3rd Edition, 14.13;
*see also United States v. Chiantese*, 560 F.2d 1244, (5th Cir. 1977) (*en banc*)
(specifically approving this instruction))**

Intent ordinarily may not be proved directly, because there is no way of fathoming or scrutinizing the operations of the human mind.  But you may infer the defendant's intent from the surrounding circumstances.  You may consider any statement made or done or omitted by the defendant, and all other acts and circumstances in evidence that indicate his state of mind.

You may consider it reasonable to draw the inference and find that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.  As I have said, it is entirely up to you to decide what facts to find from the evidence.

## Motive

## (Devitt and Blackmar, *Federal Jury Practice and Instructions* (3d. Ed. 1977), § 14.11)

Intent and motive should never be confused.  Motive is what prompts a person to act, or fail to act.  Intent refers only to the state of mind with which the act is done or omitted.

Personal advancement and financial gain are two well-recognized motives for much of human conduct.  These laudable motives may prompt one person to voluntary acts of good, another to voluntary acts of crime.

Good motive alone is never a defense where the act done or omitted is a crime.  So, the motive of the defendant is immaterial except insofar as evidence of motive may aid determination of state of mind or intent.

## **Count One**

### **2.85D**
### **SEXUAL EXPLOITATION OF CHILDREN—RECEIPT OF CHILD PORNOGRAPHY (VISUAL DEPICTION OF ACTUAL MINOR) 18 U.S.C. § 2252A(a)(2)(A)**

Title 18, United States Code, Section 2252A(a)(2)(A), makes it a crime to knowingly receive any child pornography that has been mailed or, using any means or facility of interstate or foreign commerce, shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the defendant knowingly received an item of child pornography, as alleged in the indictment;

*Second*: That the item of child pornography had been shipped or transported in or affecting interstate or foreign commerce by any means, including by computer; and

*Third*: That when the defendant received the item, the defendant knew the item was or contained child pornography.

The term "computer" means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communication facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand held calculator, or other similar device.

The term "child pornography" means any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct.

The term "minor" means any person under the age of eighteen years.

"Visual depiction" includes undeveloped film and videotape, data stored on computer disk or by electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

"Sexually explicit conduct" means actual or simulated sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; bestiality; masturbation; sadistic or masochistic abuse; or lascivious exhibition of the genitals or pubic area of any person. Be cautioned that not every exposure of the genitals or pubic area constitutes lascivious exhibition. Whether a visual depiction constitutes such a lascivious exhibition requires a consideration of the overall content of the material. You may consider such factors as whether the focal point of the visual depiction is on the child's genitalia or pubic area; whether the setting of the depiction is sexually suggestive, that is, in a place or pose associated with sexual activity; whether the child is depicted in an unnatural pose or in inappropriate attire, considering the age of the child; whether the child is fully or partially nude; whether the visual depiction suggests sexual coyness or a willingness to

engage in sexual activity; or whether the depiction is designed to elicit a sexual response in the viewer. This list is not exhaustive, and no single factor is dispositive.

### Counts Two and Three

**2.85F**
**SEXUAL EXPLOITATION OF CHILDREN— POSSESSION OF PREPUBESCENT CHILD PORNOGRAPHY (VISUAL DEPICTION OF AN ACTUAL MINOR)**
**18 U.S.C. § 2252A(a)(5)(B)**
Modified[2]

Title 18, United States Code, Section 2252A(a)(5)(B), makes it a crime to knowingly possess any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been shipped or transported using any means or facility of or in or affecting interstate or foreign commerce, including by computer, or that was produced using materials that have been mailed or so shipped or transported in or affecting interstate commerce by any means, including by computer.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the defendant knowingly possessed an item that contains an image of child pornography, as alleged in the indictment;

*Second*: That the material was shipped or transported using any means or facility of or in or affecting interstate or foreign commerce by any means, including

---

2 Modification based on enhanced penalty set forth in 18 U.S.C. § 2252A(b)(2) for offense involving a prepubescent minor or a minor who had not attained 12 years of age.  The only change to the Fifth Circuit's pattern jury charge for this statute is the addition of the fourth element, which is taken directly from the statutory language in 18 U.S.C. § 2252A(b)(2).

by computer or that the material was produced using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer;

*Third*: That when the defendant possessed the material, the defendant knew the material was child pornography; and

*Fourth*: At least one of the images or videos involved a prepubescent minor or a minor under the age of 12 years old.[3]

The term "computer" means an electronic, magnetic, optical, electrochemical, or other high-speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communication facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand-held calculator, or other similar device.

The term "child pornography" means any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct.

The term "minor" means any person under the age of eighteen years.

---

3 18 U.S.C. § 2252A(b)(2).

"Visual depiction" includes undeveloped film and videotape, data stored on computer disk or by electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

"Sexually explicit conduct" means actual or simulated sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; bestiality; masturbation; sadistic or masochistic abuse; or lascivious exhibition of the genitals or pubic area of any person. Be cautioned that not every exposure of the genitals or pubic area constitutes lascivious exhibition. Whether a visual depiction constitutes such a lascivious exhibition requires a consideration of the overall content of the material. You may consider such factors as whether the focal point of the visual depiction is on the child's genitalia or pubic area; whether the setting of the depiction is sexually suggestive, that is, in a place or pose associated with sexual activity; whether the child is depicted in an unnatural pose or in inappropriate attire, considering the age of the child; whether the child is fully or partially nude; whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; or whether the depiction is designed to elicit a sexual response in the viewer. This list is not exhaustive, and no single factor is dispositive.

## 1.33
### Possession

"Possession," as that term is used in these instructions, may be one of two kinds: actual possession or constructive possession.

A person who knowingly has direct physical control over a thing, at a given time, is in actual possession of it.

A person who, although not in actual possession, knowingly has both the power and the intention, at a given time, to exercise dominion or control over a thing, either directly or through another person or persons, is in constructive possession of it.

Possession may be sole or joint. If one person alone has actual or constructive possession of a thing, possession is sole. If two or more persons share actual or constructive possession of a thing, possession is joint.

You may find that the element of possession is present if you find beyond a reasonable doubt that the defendant had actual or constructive possession, either alone or jointly with others.

**Interstate or Foreign Commerce—Defined**
**(Excerpts with modification from**
**Eleventh Circuit, *Pattern Jury Instructions*, Criminal Cases, No. 75.4 (2003))**

     The term "interstate or foreign commerce" means the movement of property from one state to another state or from one state to another country.  The term "State" includes a State of the United States, the District of Columbia, and any commonwealth, territory, or possession of the United States.  It is not necessary for the Government to prove that the defendant knew that the alleged child pornography had moved in interstate or foreign commerce; it is only necessary that the Government prove that it had so moved.

**1.46**
**Commerce—Defined**

Commerce includes travel, trade, transportation and communication.

## Interstate or Foreign Commerce and the Internet

### (*See United States v. Runyan*, 290 F.3d 223 (5th Cir. 2002))

You are instructed that the transmission of images by means of the Internet is "tantamount to moving photographs across state lines and thus constitutes transportation in interstate commerce."  You are also instructed that if you find beyond a reasonable doubt that a particular image was received by the defendant from the Internet, or that the image moved by way of the Internet or from another country or state before coming into the defendant's possession, then that image has been "transported in interstate or foreign commerce" within the meaning of 18 U.S.C. 2252(a)(2) and 2252A(a)(5)(B).

**Basis for Verdict**

**(Devitt and Blackmar,** *Federal Jury Practice and Instructions***,
§§ 71.02, 71.04, 15.01 (3d Ed. 1977)**

Our system of law does not permit jurors to be governed by sympathy, prejudice, or public opinion.  Both the parties and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the Court, and reach a just verdict, regardless of the consequences.

All persons stand equal before the law and are to be dealt with as equals in a court of justice.  Keep constantly in mind that it would be a violation of your sworn duty to base your verdict upon anything other than the evidence in the case.

**1.26**
**Duty to Deliberate**

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. In particular, do not let racial, ethnic, national origin, or other bias influence your decision in any way. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts. Your duty is to decide whether the government has proved the defendant guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

A verdict form has been prepared for your convenience.

[*Explain verdict form.*]

Government's Requested Jury Instructions – Page 43

The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the court security office. I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the indictment, until after you have reached a unanimous verdict.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

_____

UNITED STATES OF AMERICA

v.                                                          No. 3:18-CR-345-D

ANDREW KASNETZ

**VERDICT OF THE JURY**

We, the Jury, find the defendant, **Andrew Kasnetz**:

1.   "**Guilty**" or "**Not Guilty**" as to **Count One** of the Indictment.

Please write your verdict here: _____.

2.   "**Guilty**" or "**Not Guilty**" as to **Count Two** of the Indictment.

Please write your verdict here: _____.

3.   "**Guilty**" or "**Not Guilty**" as to **Count Two** of the Indictment.

Please write your verdict here: _____.


_____
FOREPERSON


_____
DATE


Government's Requested Jury Instructions – Page 45