IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** § § § | |
| v.   § | Criminal No. **3:18-CR-345-L** |
| § | |
| **ANDREW KASNETZ**  § | |

## ORDER

Before the court is Defendant's Motion to Quash the Superseding Indictment ("Motion") (Doc. 147), filed October 22, 2021, to which the Government filed a response in opposition on October 22, 2021. For the reasons that follow, the court **denies** Defendant's Motion (Doc. 147).

"An indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974); *United States v. Arlen*, 947 F.2d 139, 144 (5th Cir. 1991). "An indictment that tracks a statute's words is generally sufficient as long as those words fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished." *Id.* at 145 (internal quotation marks and citation omitted).

In his Motion, Defendant contends that the Superseding Indictment (Doc. 81) should be quashed because it does not satisfy the fundamental requirements of an indictment. In this regard, Defendant contends:

> Count One does not allege possession of a single file. Instead, it alleges possession of "videos . . . including." With the use of the word including, this type of open-ended indictment does not place any limit on which files the government might choose to use in its case and Defendant does not have the ability to prepare an adequate defense or plead an acquittal or conviction in bar of future prosecutions

for the same offense. "A cryptic form of indictment in cases of this kind requires the defendant to go to trial with the chief issue undefined. It enables his conviction to rest on one point and the affirmance of the conviction to rest on another. It gives the prosecution free hand on appeal to fill in the gaps of proof by surmise or conjecture." *Russell [v. United States*, 369 U.S. 749, 766 (1962)].

Counts Two and Three suffer from a similar ambiguity. The indictments do not specify which media contained the child pornography complained of in the indictment. Instead, the indictment alleges that Defendant's computers contained certain files. Separately, the counts allege that Defendant possessed "child pornography" in its most generic sense but does not "descend to the particulars" as required. The indictment fails to even allege that the files listed as being on Defendant's computer are the ones for which Defendant is being charged with knowingly possessing in violation of 18 U.S.C. § 2252A (a)(5)(B).

Further, and perhaps more importantly, in Count One, the government here does not have to prove which peer-to-peer network was used in the receipt. This is critical because it leaves the Defendant at risk of future prosecutions for the same offense. When Defendant is left at risk of future prosecutions for the same offense, the indictment is not sufficient. *See Arlen*, at 144.

In Count One, the mechanism of transfer and sender only as "a peer-to-peer network, and the internet." This offers no more specificity than the indictment alleged in *Russell*, where the indictment stated only that the questions to which answers were refused "were pertinent to the question then under inquiry" by the subcommittee. 369 U.S. at 752.

The chief difference between the possession and receipt statute is in the implication of the use of the word "receipt" in that receipt requires both a sender and a mechanism of transfer. Without those elements, the statute would be identical in meaning to a possession statute. Inherent in the meaning of the word receipt is that there is a receiver and a sender and a mechanism of transfer. These are factual elements that are critical for the government to prove to a jury.

Without more specificity in this indictment, Defendant does not have an adequate ability to defend himself against the charge, and the prosecution is free to roam at large—to shift its theory of criminality so as to take advantage of each passing vicissitude of the trial.

Def.'s Mot. 3.  For these reasons, Defendant contends that the allegations in the Superseding Indictment fail to satisfy the requirements in *Hamling* and *Arlen*.  The court disagrees.

**Order – Page 2**

Count One of the Superseding Indictment charges Defendant Kasnetz with receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2) and alleges that he downloaded a video file containing child pornography on February 20, 2018, the day law enforcement searched his residence. Count One specifically identifies the offending video file name and describes the contents of the video as depicting a minor child's mouth being penetrated by a penis and the penis ejaculating into the child's mouth.

Counts Two and Three of the Superseding Indictment charge Defendant with possession of material containing child pornography that depicts prepubescent minors in violation of 18 U.S.C. § 2252A(a)(5)(B). Counts Two and Three both charge Defendant with possessing material—a HP Envy desktop computer and a Samsung laptop computer—containing child pornography on February 20, 2018. Both counts identify the offending file names and include detailed descriptions of minors engaged in sexually explicit conduct.

Moreover, after comparing the allegations in the Superseding Indictment with the statutory language at issue, the court agrees with the Government that Counts One, Two, and Three track the language of the applicable statute and set forth the essential elements of the offenses charged. The court, therefore, determines that the allegations in the Superseding Indictment are sufficient as alleged, and **denies** Defendant's Motion to Quash the Superseding Indictment (Doc. 147).

**It is so ordered** this 21st day of March, 2022.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge