ORIGINAL

WEDNESDAY, April 6, 2022

2022 APR 11 PM 1:24

DEPUTY CLERK ___mb___

Case No. 3:18-cr-00345

Dear Hon. Judge Sam A. Lindsay,

I would like to inform the court of the many issues I am having in my defense, and the total breakdown of communications between my Attorney and I. Based on my previous experiences in court it is best for these things to be left on the record in case of an appeal. For appellate purposes, I will be filing this letter on the docket.

On September 10, 2021, Defense Attorney Jeffery Hall made an appearance in my case as my counsel of record. The communications between Mr. Hall and I have since broken down since December, 2021 to a point to where we can no longer prepare for my defense in a meaningful way. Mr. Hall is not ready for trial. He does not know the case, nor understand it. Just recently Mr. Hall prepared and filed a witness list full of witnesses that are hostile to my Defense, despite having been provided a list of witnesses that could be helpful to my defense. Mr. Hall has also poorly assembled an exhibit list which could possibly hurt my defense more than help it. Even though I don't believe Mr. Hall has done these things intentionally, I do believe that Mr. Hall is not fully aware of, nor adequately prepared for, the several strategies the Prosecutor is likely to use in this case which may be difficult to overcome. Leading up to trial there are several things that Mr. Hall has not done which are crucial to a Defendant preparing an effective trial strategy, such as the following:

- No objection nor challenge to the conflicting times and dates in the Search Warrants
- No Preparation for witnesses nor a meaningful trial strategy
- No Response, Challenge or Objection to the Government's introduction of 404(b) Evidence and Trial Brief
- No Motion in Limine
- No written objections to the Government's Exhibit and Witness list
- No Motion to Reconsider rulings ordered by Magistrate Judge Renee Harris Toliver on 3/25/2022 on the following:
    *155 Supplemental MOTION to Compel Production and Inspection of Torrential Downpour Software,*
    *154 MOTION Seeking Pre-Trial Production of All Jencks Act Material,*
    *156 Supplemental MOTION to Compel Production Pursuant to Brady v. Maryland,*
    *153 MOTION for Disclosure Pre-Trial of All Evidence the Government Intends to Offer Pursuant to Rule 404(b) of the Federal Rules of Evidence.*
    Your Honor, I believe document Dkt 156 *Supplemental MOTION to Compel Production Pursuant to Brady v. Maryland,* the production sought is exculpatory and is crucial for my defense.

Page 1 of 2

My first and most important issue is the search warrants that were allegedly obtained prior to law enforcement searching my home to recover my electronic devices which the Government is claiming I used to store unlawful pornography. I challenge the validity of the search, because:
   a) I was not presented a search warrant prior to nor during the search, despite my asking multiple times.
   b) The search warrant that was left at the house eight hours after the search began doesn't match that later produced by the government.

While the year and date may be the same on both search warrants, the time of issuance is completely different on each, which proves they are two entirely different documents. Because there was only one search warrant filed in my case, which the government produced, a hearing is necessary to determine what happened to the warrant the officers used on the day in question to search my home, and why it was neither presented nor filed on the court's docket as required by law. The answer in my personal opinion is pretty clear. The local police officers who searched my home never presented me a search warrant because they likely didn't have one at the time, and even admitted so in the "Attempted Interview of Kasnetz" video. Based on these facts which are in reasonable dispute surrounding the legality of the search and seizure of electronic devices from my home, Mr. Hall should have requested a hearing on these issues in a Motion to Suppress, which he never did.

Second, Mr. Hall did not object to the Government's 404(b) Trial brief, nor to the Government's Exhibit and Witness list, nor did he file a Motion in Limine prior to trial. These are standard filings that are done as part of a Defendant's trial preparation. In absence of these objections the Government will practically be able to raise any issue at trial without any rebuttal from the Defendant. At trial there are obviously things that should be barred from being mentioned in front of the jury. However, I am not an attorney, and neither is my friend who is typing this for me. Therefore, it is Mr. Hall's job to make sure certain things are not mentioned at trial through pretrial motion filings which he has not. As a consequence, I would like to formally put the court on notice that I am completely unprepared going to trial and more than likely will have an inadequate defense which may affect my constitutional rightsto due process and assistance of counsel.

Sincerely,

Andrew Kasnetz
5107 Junius St
Dallas, Texas 75214
Cell: 214-434-6492

## SEARCH WARRANT

| | | |
|---|---|---|
| STATE OF TEXAS | § | |
| COUNTY OF DALLAS | § | **292** DISTRICT COURT |

THE STATE OF TEXAS: to the Sheriff or any Peace Officer of the State of Texas,

GREETINGS:

WHEREAS, the Affiant whose signature is affixed to the "Search Warrant Affidavit" ("Affidavit"), which is incorporated by reference herein for all purposes, is a peace officer under the laws of Texas and did heretofore this day subscribe and swear to said Affidavit before me; and

WHEREAS, I find that the verified facts stated by Affiant in said Affidavit, which are hereby adopted as the Court's findings, show that Affiant has probable cause for the belief he expresses therein and establishes the existence of proper grounds for the issuance of this Warrant;

NOW, THEREFORE you are authorized and commanded to enter the suspected place and premises located at **9920 Strait Lane, Dallas, Dallas County, Texas** as described in said Affidavit. This is to include all buildings, structures, and vehicles within the curtilage of said premises as well as the persons of **Andrew Kasnetz (W/M, 03-30-1964)** and/or persons unknown who are associated with said premises. At said place you shall search for and, if same be found, seize and bring before me the property, evidence, and items described in said Affidavit.

IT IS FURTHER ORDERED, pursuant to the provisions of Texas Code of Criminal Procedure Article 18.10, that said peace officer retain custody of any property seized pursuant to this warrant until further order of this court or any other court of appropriate jurisdiction shall otherwise direct the manner of safekeeping said property. This court grants you leave and authority to remove any such seized property from **Dallas** County if such removal is expressly authorized by the provisions of Texas Code of Criminal Procedure Article 18.10.

HEREIN FAIL NOT, but have you then and there this Search Warrant within three days, exclusive of the day of its issuance and exclusive of the day of its execution, with your return thereon, showing how you have executed the same.

Issued this the **20** day of **Feb 20**, at **8:49**, **A**. M., to certify which witness my hand this day.

Printed Name
Judge Brandon Birmingham
292nd Judicial District Court
133 N. Riverfront d., LB 13
Signature
DISTRICT COURTHOUSE Texas 75207
IN AND FOR THE STATE OF TEXAS
COUNTY OF DALLAS

# SEARCH WARRANT

| STATE OF TEXAS | § | |
|---|---|---|
| COUNTY OF DALLAS | § | _____ DISTRICT COURT |

THE STATE OF TEXAS: to the Sheriff or any Peace Officer of the State of Texas,

GREETINGS:

WHEREAS, the Affiant whose signature is affixed to the "Search Warrant Affidavit" ("Affidavit"), which is incorporated by reference herein for all purposes, is a peace officer under the laws of Texas and did heretofore this day subscribe and swear to said Affidavit before me; and

WHEREAS, I find that the verified facts stated by Affiant in said Affidavit, which are hereby adopted as the Court's findings, show that Affiant has probable cause for the belief he expresses therein and establishes the existence of proper grounds for the issuance of this Warrant;

NOW, THEREFORE you are authorized and commanded to enter the suspected place and premises located at **9920 Strait Lane, Dallas, Dallas County, Texas** as described in said Affidavit. This is to include all buildings, structures, and vehicles within the curtilage of said premises as well as the persons of **Andrew Kasnetz (W/M, 03-30-1964)** and/or persons unknown who are associated with said premises. At said place you shall search for and, if same be found, seize and bring before me the property, evidence, and items described in said Affidavit.

IT IS FURTHER ORDERED, pursuant to the provisions of Texas Code of Criminal Procedure Article 18.10, that said peace officer retain custody of any property seized pursuant to this warrant until further order of this court or any other court of appropriate jurisdiction shall otherwise direct the manner of safekeeping said property. This court grants you leave and authority to remove any such seized property from **Dallas** County if such removal is expressly authorized by the provisions of Texas Code of Criminal Procedure Article 18.10.

HEREIN FAIL NOT, but have you then and there this Search Warrant within three days, exclusive of the day of its issuance and exclusive of the day of its execution, with your return thereon, showing how you have executed the same.

Issued this the 20 day of Feb, 2018, at 8:59, A.M., to certify which witness my hand this day.

_____
Printed Name

_____
Signature
DISTRICT COURT JUDGE
IN AND FOR THE STATE OF TEXAS
COUNTY OF DALLAS

Judge Brandon Birmingham
292nd Judicial District Court
133 N. Riverfront .d., LB 13
Dallas, Texas 75207