IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES,<br>    Plaintiff,<br><br>v.<br><br>ANDREW KASNETZ,<br>    Defendant. | No.   3:18-CR-345-D |

## GOVERNMENT'S MEMORANDUM IN SUPPORT OF OBJECTIONS TO DEFENDANT'S EXHIBIT LIST

The United States Attorney for the Northern District of Texas, by and through the undersigned Trial Attorney, respectfully submits this memorandum in support of the Government's objections to defendant's exhibit list. *See* Doc. 174 and 182. Defense Exhibit 3 is not probative of any matter at issue in this case. This Honorable Court should exclude Defense Exhibit 3.

## I. BACKGROUND

Between October and November 2017, Detective Jeff Rich of the Plano Police Department observed that a device at defendant's residence publicly shared child pornography using the BitTorrent peer-to-peer file sharing network. This information served as the basis for a warrant authorizing the search of defendant's residence for computers and electronic devices. A team comprised of members of the Dallas Police Department and the Federal Bureau of Investigation searched defendant's residence on February 20, 2018 and seized electronic devices containing tens of thousands of images depicting children engaged in sexually explicit conduct, including an HP Envy computer

which was actively downloading child pornography at the time of the search. Subsequent forensic examination of defendant's devices revealed security camera footage of defendant alone in his home office minutes before police searched his residence. The security camera footage depicts defendant sitting completely naked in front of the computer which was actively downloading child pornography. On July 11, 2018, a grand jury returned an indictment charging defendant with one count of receipt of child pornography and two counts of possession of child pornography.

Defendant seeks to introduce into evidence Defense Exhibit 3, which consists of emails sent by Mr. Taly Haffar, an attorney retained by defendant's neighbors to inquire about the status of defendant's case.[1] Mr. Haffar did not have knowledge of an investigation involving defendant prior to February 20, 2018 and sent these emails after defendant's neighbors learned of a search warrant for defendant's residence. These emails relay Mr. Haffar's concerns about defendant's suspicious finances, defendant's potential concealed assets worth millions of dollars, his frequent travel to Asia, and the proximity of defendant's residence to a private high school for girls. These emails did not reference information which related in any way to the substance of the investigation into defendant's trafficking of child pornography. Mr. Haffar's emails did not contain any

---

[1] Mr. Haffar is a former Assistant United States Attorney in the Northern District of Texas. Mr. Haffar left the United States Attorney's Office in 2015—over two years before the investigation into defendant began—and has been in private practice since. Mr. Haffar did not investigate defendant's trafficking of child pornography nor did he participate in filing of criminal charges against defendant. Defendant previously served Mr. Haffar a subpoena seeking disclosure of "'any and all' communication, regarding the defendant, with law enforcement, with Assistant United States Attorney Camille Sparks, with neighbors or acquaintances, prior criminal records of the defendant and 'any and all' documents related to the defendant." Doc. 121 at 2. The Court granted Mr. Haffar's motion to quash the subpoena. Doc. 133. Defendant has been provided discovery of emails received by the Government from Mr. Haffar.

information tending to be exculpatory or information which may be used challenge the credibility of the Government's witnesses.

## II. EMAILS FROM MR. HAFFAR ARE NOT ADMISSIBLE

"Irrelevant evidence is not admissible." Fed. R. Evid. 402. To be relevant, evidence must have some "tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401. Further, that fact must be "of consequence in determining the action." *Id*. In discussing whether a fact is "of consequence in determining the action," the Fifth Circuit observed, "the proposition to be proved must be part of the hypothesis governing the case[,] a matter that is in issue, or probative of a matter that is in issue, in the litigation. […] The governing hypothesis of any criminal prosecution consists of the elements of the offenses charged and the relevant defenses (if any) raised to defeat criminal liability." *United States v. Hall*, 653 F.2d 1002, 1005 (5th Cir. 1981).

Emails from Mr. Haffar only demonstrate that members of the public were concerned about defendant's criminal charges. They do not have "any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401. The emails do not relate to an element of the charged offenses, do not tend to undermine the Government's evidence or theory of the case, and cannot be used to challenge the credibility of any Government witness. The emails are not "part of the hypothesis governing the case" and are not "probative of a matter that is in issue" in this case. *Hall*, 653 F.2d at 1005.

*Government's Memorandum in Support of Objections to Defendant's Exhibit List* - 3

Defendant is charged with one count of receipt of child pornography and two counts of possession of child pornography. The elements of these offenses are clear-cut[2] and the Government's theory of the case is straightforward: defendant was actively downloading hundreds of files of child pornography on his personal computer in his home office while completely naked minutes before law enforcement searched his residence. The Government's evidence includes images and videos of child pornography found on defendant's electronic devices, digital forensic evidence extracted from those devices, video footage depicting the unclothed defendant using one of those devices minutes before the search of his residence, and photos of electronic devices taken during the search. The Government's evidence will show that defendant's devices contained thousands of images of child pornography stored in easily accessible folders bearing names indicative of child pornography. Forensic artifacts extracted from defendant's devices show that defendant accessed these folders, viewed image and video files with names indicative of child pornography, and searched the internet for terms associated with child pornography. The Government's evidence will exclude any defenses defendant may have, including identity and lack of knowledge.

Emails concerning Defendant's neighbors' interest in his criminal case have nothing to do with the investigation of this case or the evidence establishing defendant's guilt. Similarly, the emails are not exculpatory and do not establish any permissible defense. These emails do not relate in any way to defendant's motive, opportunity, intent,

---

[2] *See* Fifth Circuit Pattern Jury Instructions §§ 2.85D and 2.85F; 18 U.S.C. §§ 2252A(a)(2) and 2252A(b)(2).

*Government's Memorandum in Support of Objections to Defendant's Exhibit List* - 4

preparation, plan, knowledge, identity, absence of mistake, or lack of accident in committing the charged offenses. They are simply irrelevant in determining whether defendant is guilty of the charged offenses.

The infinitesimal probative value of these emails is substantially outweighed by the very real danger of unfair prejudice, confusing the issues, misleading the jury, and wasting time.[3] Fed. R. Evid. 403. Admitting these emails into evidence would create a confusing and distracting side show outside the orbit of relevancy where defendant would attack his neighbors and their attorney for their interest in his criminal case.

To that end, the Fifth Circuit "gives particular deference to the trial court's assessment" where evidence is "excludable based on the risk of jury confusion[.]" *United States v. Allibhai*, 939 F.2d 244, 250 (5th Cir. 1991). In *United States v. Daniels*, the Fifth Circuit affirmed the district court's exclusion of evidence that a law enforcement agent who arrested the defendant was under investigation for allegations of unrelated misconduct. 930 F.3d 393, 404–05 (5th Cir. 2019). In *Daniels*, the Government did not call that agent as a witness and "[n]othing in the record indicates that [the] investigation concerned anything in this case[.] *Id*. The Fifth Circuit held that evidence of an investigation into unrelated misconduct "could easily have confused the jury about whose guilt was at issue. Given all of this, we can't say the district court went so far afield as to abuse its discretion." *Id*.; *see also United States v. Castell*, 584 F.2d 87, 89 (5th Cir.

---

[3] Further, these emails are likely inadmissible hearsay if offered for the truth of the matter asserted. No Government witness was a recipient or author of any of these emails and defendant is likely unable to lay the foundation for the admissibility of these emails through any Government witness. Any attempt to admit these emails would require defendant to call a separate witness, which—in view of the lack of relevance—would be a waste of time.

*Government's Memorandum in Support of Objections to Defendant's Exhibit List* - 5

1978) ("The jury in this case could easily have been confused and misled by the evidence concerning [the primary Government witness's] partying habits which had so little bearing on the real issue of the case. Such evidence shows nothing about his intention (or that of anyone else) to steal an interstate shipment."). The emails defendant seeks to admit are even farther removed from the realm of admissible evidence than other cases where the Fifth Circuit affirmed exclusion of confusing, misleading, and irrelevant evidence.

  The Government therefore respectfully requests that this Honorable Court exclude Defense Exhibit 3. Further, the Court should prohibit defense counsel from inquiring about these emails during defendant's case-in-chief or during cross-examination of Government witnesses.

Respectfully submitted,

Chad Meacham
United States Attorney

*/s/  Eduardo Palomo*
Eduardo Palomo
Trial Attorney
Texas Bar No. 24074847
U.S. Department of Justice
1301 New York Ave. NW
Washington, D.C. 20005
Telephone: (202) 579-5738
eduardo.palomo2@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on April 21, 2022, I filed this response with the clerk of court for the U.S. District Court, Northern District of Texas, which generated service to counsel for defendant.

                                                              */s/    Eduardo Palomo*
                                                              Eduardo Palomo
                                                              Trial Attorney