IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| § | |
| v. § | Criminal No. **3:18-CR-345-L** |
| § | |
| **ANDREW KASNETZ** § | |

## ORDER

In an effort to streamline the pretrial conference set for May 25, 2022, at 8:30 a.m., the court enters this order to address the parties' evidentiary objections.

**I.   Government's Objections to Defendant's Exhibits**

**A. Taly Haffar E-mail (Defense Ex. 3)**

In previously granting a motion to quash by Taly Haffar, the court was operating under the mistaken assumption that he was one of Defendant Kasnetz's many former attorneys. In reviewing the parties' briefing regarding Defendant's Exhibit 3, however, it is apparent that Mr. Haffar, a former Assistant United States Attorney, has no connection to this case, except that he was retained by concerned neighbors of Defendant to inquire about the criminal charges against him *after* they learned of the search warrant for his residence. Defendant asserts that the e-mail Mr. Haffar sent to Assistant United States Attorney Camille Sparks on April 12, 2018, after his arrest in February 2018, is "relevant to [his] defense" under Federal Rule of Evidence 401. Doc. 182.

The relevance of this e-mail is not readily apparent, and Defendant did not respond to the Government's briefing regarding this objection, even though he was given the opportunity to do so. Additionally, the court agrees with the Government that this e-mail by Mr. Haffar and the other e-mails that simply forwarded the e-mail that are included in this defense exhibit do not pertain to the investigation of this case or evidence establishing Defendant's guilt; they are not

Order – Page 1

exculpatory and do not establish any permissible defense; and they are not relevant to Defendant's motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident in committing the charges offenses. Thus, the e-mails are not relevant to any matter in determining whether Defendant Kasnetz is guilty of the charged offenses. Gov't Br. 4-5 (Doc. 203).

Although the e-mails reference the search of Defendant's residence and his arrest by Dallas Police Department officers, the court determines that the probative value of the e-mails is substantially outweighed by the danger that their admission would confuse the issues that need to be decided, mislead the jury, and unnecessarily delay the trial.[1] Moreover, as the court has ruled on the legality of the search, its lawfulness is not an issue for the jury. The Government's objection to defense Exhibit 3 is, therefore, **sustained**, such that Defendant will not be allowed to use this exhibit during the trial of this case.

### B. Video of Custodial Questioning of Defendant (Defense Ex. 4)

The Government objects in conclusory fashion to defense Exhibit 4 on relevancy (Rule 401) and hearsay grounds (Rule 801). Defendant Kasnetz's response to this objection is similarly conclusory in that he contends, without explanation, that this exhibit is relevant under Rule 401 and not hearsay under Rule 801. Because of the conclusory nature of the parties' objections in this case, the court ordered them to brief the objections and provided them with additional time to do so in an effort to streamline the pretrial conference. The Government submitted a brief detailing the substance of its objection to defense Exhibit 3, but not Exhibit 4. Despite the lack of briefing

---

[1] Federal Rule of Evidence 401 provides that "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Even when evidence is relevant, however, it may be excluded by the court under Rule 403 evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

**Order – Page 2**

by the parties, the court has concerns regarding the admissibility of this video and, therefore, **carries** the objection. Accordingly, prior to the admission of this exhibit, Defendant will need to establish that the admissibility of this video.

## II. Defendant's Objections to the Government's Exhibits

Defendant objects to the Government's exhibits, which he categorizes as follows:

- Category One: "Items seized/collected as fruit of the Illegal Search" (Government Exs. 1-14, 16-17, 19, 21-34, 36-39, 41-47)

- Category Two: "Images & videos (alleged contraband) and screenshots of file structures (containing contraband)" (Government Exs. 3-12, 32-34)

- Category Three: "Items seized/collected through forensic means" (Government Exs. 4-13, 19, 21, 24, 27-34, 36-39, 42-47)

- Category Four: "Tax Documents & MBK Trust Agreement" (Government Exs. 37-39)

Def.'s Br. 2 (Doc. 204-1). To the extent his objections are overruled, he requests a "running objection." *Id.*

For the reasons that follow, Defendant's objections regarding the Government's Exhibits that fall within Categories One, Two, and Four are **overruled,** and he is **granted** a "running objection" as to these objections. Defendant's objections to the Government's Exhibits that fall within Category Three are **carried**, subject to their being raised again at trial.

### A. Category One: Legality of Items Seized (Illegal Search/Fourth Amendment)

Defendant's objections to Government Exhibits 1-14, 16-17, 19, 21-34, 36-39, and 41-47 are **overruled as moot** because, as he correctly notes, the court has already ruled on and denied the defense's motions to suppress on this ground.

### B. Category Two: Images and Videos (Contraband) and Screenshots of File Structures (Unfair Prejudice Under Rule 403)

Defendant Kasnetz contends that the probative value of the images and videos found on the electronic equipment seized from his residence that depict child pornography is "outweighed by the unfair prejudice" to him under Rule 403. Def.'s Br. 5 (Doc. 204-1). He does not explain why he believes that the probative value of screenshots of file structures is similarly "outweighed by the unfair prejudice" to him under Rule 403. *See id.*

#### 1. Child Pornography Images and Videos

As the Government correctly notes, the probative value of publishing graphic images depicting child pornography to the jury is not necessarily "*substantially* outweighed by a danger . . . of unfair prejudice" to the defendant, particularly when such evidence forms the bases for the charges against the defendant, and the pornography shown is limited to a representative sample in cases involving large numbers of pornographic images or videos. Fed. R. Evid. 403 (emphasis added); *United States v. Naidoo*, 995 F.3d 367, 376 (5th Cir. 2021).

To the extent Defendant's objection pertains to images or videos other than those listed in the Superseding Indictment (uncharged child pornography), the Government asserts, and the court agrees, that such evidence is relevant and admissible to show Defendant Kasnetz's knowledge and intent and to show that he did not commit the offenses charged by mistake or accident, particularly in light of his prior assertions that he was not the only person with access to the electronic devices. *See* Govt's Amended Notice of Intent 15 (Doc. 76) (citing *United States v. Layne*, 43 F.3d 127, 134 (5th Cir. 1995)).

For these reasons, Defendant's objections to the Government's evidence of child pornography images and videos are **overruled**. Accordingly, evidence of images and videos of

child pornography seized listed in the Superseding Indictment is admissible for all purposes. Further, evidence of images and videos of child pornography seized but not listed in the Superseding Indictment (uncharged child pornography) is admissible, but only for the **limited purpose** of establishing Defendant Kasnetz's knowledge or intent and to show that he did not commit the offenses charged by mistake or accident. The court also determines that any potential confusion or prejudice can be cured with a limiting instruction explaining that the jury's consideration of such evidence is limited to this purpose.[2] *Notwithstanding any language in this paragraph, nothing other than a general and brief statement may be made or mentioned during voir dire and opening statements regarding the contents of any of the exhibits allegedly depicting child pornography.*

### 2. Screenshots of File Structures

Defendant Kasnetz does not explain why he believes that the probative value of screenshots of file structures or the metadata for the files on the electronic devices found in his residence is "*substantially* outweighed by a danger . . . of unfair prejudice" to him. Given his prior assertions regarding other persons having access to the electronic devices in his residence, the court determines for similar reasons that that such evidence, at a minimum, is relevant and admissible to show his knowledge and intent and to show that he did not commit the offenses charged by mistake or accident. Accordingly, this Rule 403 objection is also **overruled**.

---

[2] Rule 404(b) prohibits evidence of alleged extrinsic crimes to prove a person's character to show that the person acted in accordance with his or her character on a particular occasion. Fed. R. Crim. Evid. 404(b)(1). Such evidence may be admissible, however, if offered for proving "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." The purpose of Rule 404(b) is to "guard against the inherent danger that the admission of other acts evidence might lead a jury to convict a defendant not of the charged offense, but instead of an extrinsic offense." *United States v. Stephens*, 571 F.3d 401, 409 (5th Cir. 2009). Even if relevant, evidence may be excluded under Rule 403 if the probative value of the evidence is substantially outweighed by its undue prejudice.

**Order – Page 5**

### C. Category Three: Items Seized/Collected Through Forensic Means (Personal Knowledge of Witness, Hearsay, Authentication)

Defendant Kasnetz contends that the Government should be required to lay the proper evidentiary foundation for all of its proposed exhibits, and that, absent such a foundation, the Government exhibits in Category Three are inadmissible and should be excluded based on lack of personal knowledge of the testifying witness, hearsay for which no exception exists, and lack of authentication. Defendant's objections to the foregoing Government Exhibits 4-13, 19, 21, 24, 27-34, 36-39, and 42-47 are premature and conclusory, and do not provide the court will sufficient information to make a ruling at this time. Accordingly, the court **carries** the objections, subject to their being raised again at trial.

### D. Category Four: Tax Documents & MBK Trust Agreement (Relevance and Hearsay)

The defense objects to Government Exhibits 37-39, contending that evidence of his tax documents and the trust agreement is hearsay and not relevant to any issue in this case. The Government responds that such evidence is not hearsay because it will not be offered for the truth of the matter asserted but, instead, to show that the documents bear Defendant's name and signature. In addition, the Government contends that the presence of such documents on a computer seized from Defendant's residence tends to show that he exercised ownership and custody of that computer. The Government, therefore, argues that this evidence is both relevant and nonhearsay. The court agrees with the Government and **overrules** this objection by Defendant to Government Exhibits 37-39.

## III. Defendant's Motion in Limine (Doc. 198)

Defendant Kasnetz requests that the court order the Government's attorneys and witnesses to not:

> mention, allude to, or refer to, in any manner, any extrinsic acts, prior convictions, alleged violations of the law or other crimes, wrongs or acts generally alleged to have been committed by Defendant, in the presence of the jury until a hearing has been held outside they jury until a hearing outside the presence of the jury to determine the admissibility of such items.

Def.'s Mot. Limine 1 (Doc. 98). Defendant asserts that such extrinsic acts, prior convictions, alleged violations of the law or other crimes, wrongs or acts include, but are not limited to:

> 1. Any alleged acts of criminal wrongdoing by the Defendant not alleged in the indictment.
>
> 2. Any alleged involvement in any offense not alleged in the indictment.
>
> 3. Any reference to any Defendant or the actions alleged in this indictment being subject to any investigation by any other law enforcement agency.
>
> 4. Uncharged child pornography allegedly discovered on the HP computer and Samsung laptop computer.
>
> 5. Internet usage allegedly relating to child pornography.
>
> 6. Child sexual abuse material allegedly downloaded by Detective Rich.

*Id.*

In its scheduling order, the court expressly advised that "form" motions in limine and those filed "as a matter of course" are prohibited, and that motions in limine must satisfy certain requirements. Criminal Scheduling Order ¶ 3 (Doc. 13). Defendant's Motion in Limine was filed in response to the Government's Amended Notice of Intent to Offer Evidence of Other Acts by Defendant Kasnetz as Inextricably Interwined, Proper Under Rule 414 and/or Rule 404(b) of the Federal Rules of Evidence (Doc. 76), but it is not sufficiently specific. Defendant cites Rules 401, 402, 403, and 404, but he does not explain why the categories of evidence identified in his motion should be excluded under these rules or *United States v. Beechum*, 582 F.2d 898 (5th Cir. 1978) (en banc). He also contends that the cases cited in the Government's Amended Notice are factually

distinguishable and "belied by the caselaw," but he does not explain why he believes that they are distinguishable or run counter to binding precedent in this Circuit.

Moreover, the matters identified in Numbers 1-3 are not case specific. The matters in Numbers 1, 2, 4, and 6 appear to have been resolved in whole or in part by the court's rulings regarding the parties' objections to exhibits. Additionally, it is unclear why Defendant believes that evidence of the matters in Numbers 3 and 4, which appears highly relevant to the charges in this case, is prejudicial or should be excluded.

For all of these reasons, the court **denies** Defendant's Motion in Limine (Doc. 198) as to these matters.

## IV. Conclusion

For the reasons explained, the court rules as follows:

- The Government's objection to Defendant's Exhibit 3 is **sustained**; and its objection to Defendant's Exhibit 4 is **carried**, subject to the objection being raised again at trial;

- Defendant's objections based on the legality of the search, relevance, hearsay, and unfair prejudice under Rule 403 regarding the Government's Exhibits that fall within defense Categories One, Two, and Four (Government Exs. 1-14, 16-17, 19, 21-34, 36-39, 41-47) are **overruled** and he is **granted** a "running objection" as to these objections;

- Defendant's objections based on personal knowledge, hearsay, and authentication to the Government's Exhibits that fall within defense Category Three (Government Exs. 4-13, 19, 21, 24, 27-34, 36-39, 42-47) are **carried**, subject to the objections being raised again at trial; and

- Defendant's Motion in Limine (Doc. 198) is **denied**, and if Defendant Kasnetz believes that the court should reconsider its ruling as to his Motion in Limine in light of issues that arise at

trial, he must request to approach the bench and obtain a ruling outside the presence of the jury.

**It is so ordered** this 24th day of May, 2022.

                                              Sam A. Lindsay
                                              United States District Judge